**JOHNSON et al. v. BOWLES, Price Adm'r.**

**No. 146.**

United States Emergency Court of Appeals.
Heard at Boston Aug. 29, 1944.
Decided Oct. 11, 1944.

Benjamin T. Johnson, pro se.

Harry H. Schneider, Atty., Office of Price Administration, of Washington, D. C. (Richard H. Field, Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, and Warren L. Sharfman, Chief, Court Review Rent Branch, all of the Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

Before MAGRUDER and LAWS, Judges.

LAWS, Judge.

The question presented in this case is whether complainant's situation as a landlord falls within Section 5(a) (3) of the Rent Regulation for Housing,[1] which provides that individual landlords may have the right to upward adjustments of their maximum rents when: "There has been a substantial increase in the services * * * provided with the housing accommodations since the date or order determining its maximum rent."

In September 1938 complainant, owner of a house in New London, Connecticut, leased his premises, including a shed, under a tenancy at will, at a rental of $20 per month. Next to the shed, but not included in the tenancy, was a double garage con-

taining complainant's furniture. Some time after entering the property the tenant moved the furniture to one side of the garage and began to use the other side for his car. This use of the garage first came to complainant's attention in 1939. Nothing was said or done about it between then and April 1, 1941, the maximum rent date established by the Administrator, nor was the tenant's use of the garage mentioned at a time in August 1941, when complainant raised the rent for his property to $25 per month.

On September 24, 1943, complainant filed a registration statement for the rented premises, setting forth $25 as the rent prevailing on the maximum rent date, and listing a garage among the services rendered with the accommodations at that time. Subsequently an amended registration statement was filed in which complainant declared the rent prevailing on the maximum rent date to have been $21 and stated that the "garage" included in the tenancy was not in fact a garage but was a shed. The further statement was made that the portion of the double garage being used by the tenant was subject to a separate agreement. With his amended registration statement complainant filed a petition for adjustment of the maximum rent to $25, on the ground that an additional service, within the meaning of Section 5 (a) (3), had been provided about August 1943, by complainant's consenting to the tenant's use of the garage accommodations. The Area Rent Director denied this petition, whereupon complainant filed an application for review by the Regional Administrator, which application was also denied. A protest then was filed before the Price Administrator against the ruling of the Regional Administrator. Upon its denial, complaint was filed in this Court.

Complainant argues that on the maximum rent date the tenant was not legally entitled to the use of the garage, since he had not then received the consent of complainant, and that an additional service consequently was provided in August 1943, when consent was given. Complainant further argues that the tenant's appropriation of the garage was by way of trespass and that he can acquire no legal rights from such wrongful act.

It is to be noted that the applicable section of the Regulation provides for the granting of adjustments where there has been a substantial increase in the services "provided with" housing accommodations. The language used does not distinguish between services which are provided as part of a contract of tenancy and those which are gratuitously provided. And there is good reason why no such distinction was made in the Regulation as drawn by the Administrator. The task of determining in innumerable cases whether a particular service had been provided with the tenancy as a matter of right on the maximum rent date would be a most difficult, if not impossible, assignment for the Administrator. Moreover, the allowance of increases in rentals for services gratuitously rendered on the maximum rent date would be inflationary to the same extent as the allowance of increases for services required by contracts; in either event the tenant would be required to pay a higher rental for the accommodations he had enjoyed on the maximum rent date. Consequently it appears that even if we should agree upon the facts of this case that the garage was not legally a part of the tenancy on the maximum rent date, complainant's right to an adjustment under Section 5(a) (3) would not be established.

With respect to the argument that the tenant acquired no rights by reason of his wrongful trespass in his use of the garage, we think the record establishes beyond question that whatever may be claimed with respect to the tenant's original use of the garage, yet there was no trespass during a substantial period prior to and including the maximum rent date. For nearly two years the tenant had used the garage with the knowledge and acquiescence of complainant and this same situation continued long after the maximum rent date. Use with acquiescence is clearly at variance with that wrongful invasion against the will of an owner which is essential to a case of trespass in law.[2]

This brings us to consider whether the acquiescence of complainant in the tenant's use of the garage prior to and on the maximum rent date may be said to support the Administrator's finding that use of the garage was "provided with" the

[2] O'Brien v. Cunard S. S. Co., Ltd., 1891, 154 Mass. 272, 28 N.E. 266, 13 L.R. A. 329; see Harper, Law of Torts (1933) 25, 79.

tenancy on that date. It is not necessary for us to consider whether every use of a property or facility made by a tenant with the landlord's permission on the maximum rent date may be said to be "provided with" the tenancy within the meaning of Section 5(a) (3). It may well be that some such uses may be so occasional or so restricted that in a proper case they would be found to be outside the meaning of the Section. However, where, as in this case, for a substantial period of time prior to and after the maximum rent date there was constant and uninterrupted use of property within the area rented, the Administrator was justified in finding the service was "provided" within the meaning of the Regulation.

In his rebuttal brief complainant argues that he is entitled to relief under Section 5(a) (4) which provides for adjustment when the rent on the maximum rent date was "materially affected by the blood, personal or other special relationship between the landlord and the tenant and as a result was substantially lower than the rent generally prevailing * * * for comparable housing accommodations * * *." There is some doubt whether complainant properly sought relief before the Administrator on this ground. But if we resolve the doubt in his favor, we find the record supports the Administrator's decision that complainant did not make out a case for adjustment under Section 5(a)

(4). The only suggestion in the record to support this alleged right to relief is a letter written by complainant after his claim for adjustment arose, in which he stated that because of friendship and compassion he had not charged the regular rent for his premises. There is no objective evidence whatever in the record to support any special relationship between complainant and his tenant or to establish the rents generally prevailing for comparable housing accommodations. This Court obviously may not act upon a record of this character.

Upon his oral presentation of this case, complainant argued that he should be granted relief because the maximum rent provided for his accommodations was not generally fair and equitable as required by the Act. He requested that he be given authority to amend his pleadings so as to present this claim. The Court advised complainant to put his motion in writing. Thereafter complainant filed what he entitled an "Amendment of Pleadings Under Rule 17". Upon its examination, we are of opinion that the points sought to be made do not present legal grounds for relief in the case before us and therefore, treating the document as the motion for leave to file amended pleadings, which the Court suggested should be filed, such motion will be denied.

The complaint is dismissed.