**VEILLETTE v. BOWLES, Price Administrator.**

No. 186.

United States Emergency Court of Appeals.
Heard at Boston July 31, 1945.

Decided Aug. 20, 1945.

Mary Walsh Brennan, of Lowell, Mass., for complainant.

Stanley D. Metzger, Atty., Office of Price Administration, of Washington, D. C. (Henry M. Hart, Jr., Acting Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, and Warren L. Sharfman, Chief, Court Review Rent Branch, all of Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAG-RUDER, Judge.

MARIS, Chief Judge.

The complainant is the owner of a five-room single family dwelling house and adjacent private garage located at 27 Clifton Street, in the City of Lowell, in the Eastern Massachusetts Defense-Rental Area. On March 1, 1942, the maximum rent date for that Area under the Rent Regulation for Housing,[1] the house, without the garage,

---

[1] 9 F.R. 11335.

was rented for $4 per week. Thereafter the complainant entered into an agreement with a new tenant to rent the house and garage for $5 per week and filed a petition with the Area Rent Director for adjustment of the maximum rent for the house from $4 per week, without a garage, to $5 per week, with a garage.

Treating the petition as having been filed under Section 5(a) (3) of the Regulation, which authorizes adjustment of the maximum rent if there has been a substantial increase since the maximum rent date in the services furnished with a housing accommodation, the Area Rent Director found that the difference in rental value of the complainant's housing accommodation on the maximum rent date by reason of the addition of the garage would have been 50¢ per week. He accordingly ordered the maximum rent increased from $4 to $4.50 per week.

The complainant was not satisfied with the amount of the increase and applied to the Regional Administrator for the First Region to review the Area Rent Director's action. The Regional Administrator having denied the application for review, the complainant filed a protest with the Price Administrator, who after considering the evidence before him, denied it. The complainant then filed in this court the complaint now before us which seeks to have the protested order set aside.

■■■ The complainant presents a fundamental objection to the action of the Area Rent Director. She asserts that neither the Emergency Price Control Act nor the Rent Regulation for Housing authorizes the control of the rentals of garages which are used in connection with the use or occupancy of housing accommodations. Whether the Regulation purports to authorize such control is, strictly speaking, a mere question of interpretation with which this court does not deal.[2] Assuming, however, as seems clear enough, that the Regulation does contemplate the control of rentals of garages which are used in connection with the use or occupancy of housing accommodations we pass to the question whether the Emergency Price Control Act authorizes such control.

It is clear that the rent control provisions of the Act do not authorize the Administrator to control the rents charged for the use of a garage when its use is not in connection with the use or occupancy of a housing accommodation as defined by the Act. For a garage used solely for automobile storage is not itself a housing accommodation in respect to which a separate maximum rent may be imposed under Section 2(b) of the Act, 50 U.S.C.A. Appendix § 902(b). Whether the renting of a garage under such circumstances would involve the furnishing of a storage service which would be subject to price control under Section 2(a) involves other questions some of which were considered by us in Carothers v. Bowles, 148 F.2d 554 (E.C.A. 1945), certiorari denied 325 U.S. ——, 65 S.Ct. 1556. These questions are not raised by the present case, however.

Section 2(b) of the Act authorizes the Administrator to fix maximum rents for "housing accommodations." Section 302(f), 50 U.S.C.A. Appendix § 942(f), defines "housing accommodations" as "any building, structure, or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes (including houses, apartments, hotels, rooming or boarding house accommodations, and other properties used for living or dwelling purposes) *together with all privileges, services, furnishings, furniture, and facilities connected with the use or occupancy of such property.*" [Emphasis supplied.] The right of a householder to use a garage for the storage of his automobile is unquestionably a privilege and the furnishing of it a service connected with the use or occupancy of his house. They, therefore, come within the coverage of the statutory definition. The Act has been uniformly so construed by the Administrator from the beginning and his construction has not heretofore been questioned in this court. On the contrary it has met with judicial approval[3] and has been assumed by us to be correct.[4] We conclude that the Emergency Price Control Act authorizes the Administrator to control the rent of the complainant's garage in connection with that of her rented dwelling house when the garage is rented for use in connection with the dwelling house.

■■■ The complainant next objects to the

[2] Marlene Linens v. Bowles, Em.App. 1944, 144 F.2d 874, 875.

[3] Henderson v. Morgan, D.C.Utah, 1943, 54 F.Supp. 441.

[4] Johnson v. Bowles, Em.App.1944, 145 F.2d 166.

determination that the increase in the rental value of her house by reason of the addition of garage service was not more than 50¢ per week. She asserts that in making this determination the Administrator was guilty of arbitrary and capricious action. There is no merit in this contention. The question was purely a factual one as to which the Administrator's determination, if supported by substantial evidence, is not reviewable by this court. Rabkin v. Bowles, Em.App., 1944, 143 F.2d 600. An examination of the record shows that there was substantial evidence to support the finding. Accordingly we cannot hold that it was erroneous.

■■ The complainant's contentions with respect to the invalidity of the Act are equally without merit. All of them have been heretofore considered and rejected. See Bowles v. Willingham, 1944, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Taylor v. Brown, Em.App., 1943, 137 F.2d 655, certiorari denied 320 U.S. 787, 64 S.Ct. 194, 88 L.Ed. 473; Wilson v. Brown, Em.App., 1943, 137 F.2d 348. It will, therefore, serve no useful purpose to discuss them here.

■■ Finally, the complainant contends that the regulations denied her the opportunity to present witnesses and to confront and cross-examine the Administrator's witnesses. The fact is, however, that Revised Procedural Regulation No. 3, which governs protest proceedings in rent cases, does provide in Section 1300.228 for oral hearings at which testimony may be taken where a protestant requests it and shows why the filing of written evidence will not permit the fair and expeditious determination of the protest. In the present case the complainant did not request such an oral hearing. She, therefore, has no standing to object that it was not accorded her.

A judgment will be entered dismissing the complaint.