**CREEDON, Housing Expediter, v. SCHLOSS.**

District Court, S. D. New York.

Dec. 1, 1947.

Sylvan D. Freeman, Chief Rent Litigation Unit, Office of Rent Control, Office of Housing Expediter, of New York City (John E. McCracken, of New York City, of counsel), for plaintiff.

Seymour & Katz, of New York City (Milton A. Seymour, of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the plaintiff for a temporary injunction requiring the defendant to restore to one Irving Bernstein the use of a private garage.

The suit is brought under Section 206, subdivisions (a) and (b) of the Housing and Rent Act of 1947, Public Law 129, 80th Congress, 50 U.S.C.A.Appendix, § 1896 (a, b), and Sections 2 and 3 of the Controlled Housing Rent Regulation for New York City, issued July 1, 1947 (Fed.Reg., July 1, 1947, pp. 4295–4297).

The defendant is the owner and landlord of a dwelling house at No. 1822 Andrews Avenue, Bronx Borough, New York, in the basement under which there is a two-car garage. On July 27, 1939, he entered into a written lease with Bernstein as tenant for the rental of the first-floor apartment in the house for a term of two years, expiring September 30, 1941, at $75 a month "without garage." This lease was renewed on August 7, 1941, for a further term of one year, expiring September 30, 1942, at the same rental of $75 a month "without garage."

Soon after the 1941 renewal lease was entered into, the defendant orally agreed with Bernstein to allow him to use the garage in the house for his automobile for an additional rental of $5 a month. There is a dispute regarding this agreement, the defendant asserting that it was understood at the time that Bernstein would give up the garage whenever the defendant wanted it, and Bernstein insisting that nothing of the kind was either discussed or agreed to. But however that may be, it is clear that after the agreement was made the defendant treated the rental of the apartment and the garage as a single rental, at $80 a month. This is initially shown by the "Notice of Maximum Rent" executed by the defendant on November 18, 1943, and filed in the Office of Price Administration, in which it was stated that Bernstein was the tenant of the apartment, that the rent on March 1, 1943, was $80 a month, and that a "garage" was among the "services" included in the rent. It is further shown by the subsequent regular monthly payments made by Bernstein to the defendant of $80 as rent of both the apartment and the garage.

Bernstein continued to have the use of the garage until October 6, 1947, when he was excluded by the defendant, and since that date the defendant has refused to accept more than $75 a month rent for the apartment.

Section 3 of the Controlled Housing Rent Regulation for New York City reads as follows:

"Sec. 3. Minimum space, services, furniture, furnishings and equipment. Except as set forth in section 5(b), every landlord shall, as a minimum provide with housing accommodations the same living space as provided June 30, 1947 or on the date he first rented on or after July 1, 1947 and the same essential services, furniture, furnishings, and equipment as those he was required to provide on June 30, 1947, in accordance with the Rent regulation for housing, issued pursuant to the Emergency Price Control Act of 1942, as amended, or those he provided on the date he first rented

138

on or after July 1, 1947, and as to other services, furniture, furnishings and equipment not substantially less than those he was required to provide on June 30, 1947, or actually provided on the date of first renting on or after July 1, 1947."

I think that under the facts of the present case the furnishing of a garage in connection with the occupancy of an apartment falls within the meaning of the words "other services" as used in the Regulation. Veillette v. Bowles, Em.App., 150 F.2d 862; Henderson v. Morgan, D.C., 54 F.Supp. 441. In withdrawing the use of the garage, the defendant failed to provide "other services" "not substantially less than those he was required to provide on June 30, 1947."

The motion of the plaintiff for a temporary injunction requiring the defendant to restore to Bernstein the use of the garage is accordingly granted.