## ABBET HOLDING CORPORATION v. WOODS, Acting Housing Expediter.

No. 408.

United States Emergency Court of Appeals.

Heard at New York Feb. 21, 1948.
Decided April 20, 1948.

Henry N. Rapaport, of New York City (Rapaport Bros. and Harold Zucker, all of New York City, on the brief), for complainant.

Betty L. Brown, Atty., Office of Housing Expediter, of Washington, D. C. (Ed Dupree, General Counsel, of Washington, D. C., Robert A. Sauer, Asst. Gen. Counsel, of Elizabeth, N. J. and Charles P. Liff, Chief, Appeals Section, Office of the Housing Expediter, of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and McALLISTER and LINDLEY, Judges.

MARIS, Chief Judge.

The complaint now before us was filed March 17, 1947, under Section 204(e) of the Emergency Price Control Act, 50 U.S. C.A.Appendix, § 924(e). The complaint is the owner of an apartment house located at 23 West 91st Street, New York, in the New York City Defense-Rental Area. Apartment 4B in that building is the only housing accommodation involved in the case. That apartment came into existence as a rental unit as a result of an alteration of the building completed in December 1945 and was first rented in that month. In accordance with Section 4(e) (3) of the applicable rent regulation[1] the first rent charged by the landlord, $80 per month, became the maximum rent subject to reduction pursuant to Section 5(c) (1).

Acting pursuant to the provisions of Section 5(c) (1) of the regulation and after certain proceedings were had before him which it is not necessary here to describe in detail the Area Rent Director on November 26, 1946, issued an order decreasing the maximum rent for the apartment in question from $80 to $65 per month, effective December 1, 1946. The complainant nonetheless continued to collect rental at the rate of $80 per month for the months of December 1946 and January 1947. Upon a complaint alleging that the rent thus collected was in excess of that which might lawfully be charged, the tenant recovered judgment against the complainant in the Municipal Court of the City of New York which, upon complainant's application, stayed execution and granted leave to file the present complaint.

The complainant attacks the Rent Director's order upon two grounds. The first is that the order was void ab initio because it was issued by the Rent Director without giving the complainant a fair hearing. The second ground of attack is that there was no substantial evidence to support the Rent Director's order- and that it is accordingly invalid for that reason.

The complainant's first contention must be rejected upon the authority of the decision of this court in 150 East 47th Street Corporation v. Creedon, 1947, 162 F.2d 206. That case involved facts analogous to those in this case except that there the Rent Director's order reducing the complainant's first rent was made retroactive because the complainant had failed to file a registration statement within thirty days after the first rental as required by the regulation. The Rent Director in that case accordingly coupled with his order reducing the maximum rent an order for the refund of the excess rent already collected. The complainant having failed to make the refund thus directed or to secure a stay of the order by depositing the excess rent in escrow as the regulation permitted, the tenant brought suit to recover the excess rental and obtained a judgment for the amount of it. Leave was thereupon granted to the complainant to file the complaint in this court under Section 204(e) of the Emergency Price Control Act. The complainant's sole attack upon the Rent Director's order was that in making it the Rent Director had failed to give to the complainant the hearing required by due process of law.

We held in the 150 E. 47th Street Corporation case, in conformity with our decision in Victor v. Porter, 1946, 157 F.2d 769, certiorari denied, Victor v. Fleming, 329 U.S. 801, 67 S.Ct. 491, that the requirements of due process were satisfied by the opportunity which the regulation gave to the complainant upon filing a protest against the Rent Director's order to secure a full hearing de novo before the Administrator. We pointed out that the fact that the complainant had chosen to disobey the order to which it objected and to attack it in a complaint filed under Section 204(e) of the act did not give it any greater substantive rights than it would have had if it had protested

---

[1] Rent Regulation for Housing in the New York Defense-Rental Area, 8 F.R. 13,914.

474

the order to the Administrator and upon his denial of the protest had filed a complaint under Section 204(a) of the act. We stated that (at page 211, of 162 F.2d) "An objection which we would not hold invalid, if raised in a § 204(a) complaint, cannot be a ground for invalidating a regulation or order if presented to us in a § 204(e) complaint. In either type of complaint, we may set aside a regulation or order only if the complainant establishes to our satisfaction that it is 'not in accordance with law, or is arbitrary or capricious'. § 204(b). If this case had come to us under § 204(a), we would not have declared the Rent Director's refund order invalid ab initio merely on the ground that the Rent Director had denied the landlord a fair opportunity to be heard before issuing the order (assuming such to be the fact)."

The complainant in the present case could have filed an immediate protest if it believed the Rent Director's order to be invalid. In the protest proceeding it could have obtained a full hearing de novo and in the meantime, upon a simple showing of good faith, it could have obtained under Section 204(e) (2) (ii) of the act a stay of such proceeding as either the tenant or the Administrator might institute against it under Section 205(e) of the act, 50 U.S.C.A. Appendix, § 925(e), for any alleged overcharge of rent. Not having taken advantage of this adequate procedure for securing a full hearing it is in no position to assert that it has been denied the hearing to which it is entitled.

We turn then to the complainant's second objection to the Rent Director's order. Briefly stated this is that the evidence in the record now before us does not support the order. This contention is so wholly lacking in merit as to require little discussion. Indeed the complainant does not press it with much vigor except in one particular. It asserts that the allowance which the regulation requires to be made for general increases in costs of construction in the area since the maximum rent date was based upon an undisclosed formula and did not include certain costs which should have been included.

The allowance made by the Rent Director on this account was $11 per month or at a rate in excess of $2.50 per month per $1000 of construction cost. The complainant has wholly failed to sustain the burden of showing that this was an inadequate allowance. Compare Victor v. Porter, Em.App.E.C.A.1946, 157 F.2d 769, certiorari denied, Victor v. Fleming, 329 U.S. 801, 67 S.Ct. 491. The costs which the Rent Director declined to take into account were $2,225 expended for refrigerators and stoves and $4,000 out of $4,660 claimed as cost of supervision. The item of $2,225 for refrigerators and stoves was rejected as not being construction cost and $4,000 of the $4,660 supervision item was disallowed as not being substantiated by proper vouchers. We see no error in the treatment accorded these items.

A judgment will be entered dismissing the complaint.