**WOODS, Housing Expediter, v. FOREST HILLS SOUTH, Inc. et al.**

**Civil Action No. 8192.**

District Court, E. D. New York.

May 27, 1948.

Sylvan D. Freeman, Chief Rent Litigation Section Office of Housing Expediter, of New York City, for plaintiff.

Pollock & Berger, of New York City (Max Edelman, of Tarrytown, N. Y., of counsel) for defendants.

GALSTON, District Judge.

This action charges a violation by the defendants of Sec. 4 (a) of the Emergency Price Control Act of 1942 as amended, 50 U.S.C.A.Appendix, § 904(a), in that the defendants violated the rent regulation for housing established for New York City Defense Rental Area. The regulation became effective November 1, 1943. This action is brought to enforce compliance with the section of the Act alleged to have been violated.

The case was submitted on an agreed statement of the facts.

It appears that the defendants owned seven apartment structures containing multiple housing combinations subject to the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and the rent regulations promulgated thereunder. The premises affected are located in Forest Hills, New York. All the apartment structures with one exception have a garage unit under each structure and provide place for a total of 276 automobiles, though the total number of apartments in these structures is 610. It is admitted that the garage units are a physical part of the housing structure used by the tenants.

It is claimed by the plaintiff that the garages were a "service" connected with the use and occupancy of the housing accommodation, and hence were covered by the rent regulations. On the other hand the defendant contends that the garages were not connected with the use and occupancy of the housing accommodations, indeed that the garages were expressly excluded and eliminated as a "service" both by the lease which each tenant entered into with his landlord, and the registration by the owner of a maximum rent certificate; that the garages were at no time covered by the rent regulation but were, on the contrary, covered by Maximum Price Regulation No. 165, which ceased to be effective after November 9, 1946.

The all-controlling facts are evidenced by the notice of maximum rent filed by the defendants November 15, 1943 on which it appears that garage service is expressly excluded, and by the lease which these tenants signed which specifically contained a rider, Item 29: "This letting and hiring does not include the use of garage space."

The argument of the plaintiff may be boiled down to the contention that despite what the parties themselves agreed upon, and what the registration certificate of the owner indicated, since the garage was a part of these apartment structures, of necessity the garage space was a service attached to the building to which each tenant by virtue of his being a tenant was entitled for the rent listed in the lease. The plaintiff relies on various sections of Rent Regulation for Housing in the New York City Area. One of these sections (Sec. 13 (6) ) defines "housing accommodations" as meaning any building offered for rent for living purposes, "together with all privileges and services * * * connected with the use or occupancy of such property." Sec. 13 (17) of that regulation defines "services" as including any other privilege or facility connected with the use or occupancy accommodations.

It is argued that from these regulations and the Emergency Price Control Act, "rent" means the total consideration received for the use or occupancy of housing accommodations including services.

 It is a complete non sequitur to argue from those premises that when the landlord filed a registration certificate of rent which expressly excluded garage service, and thereafter the landlord and tenant entered into a lease which contained a similar exclusion, the "rent" provided for in the lease did as a matter of law include such service. Of course, due recognition must be given to interpretation of bureau regulations, but when they are sought to be applied as general principles without regard to the specific facts of the case, the presumption of binding effect is destroyed. Flagrantly that is the situation in the present case. I find none of the cases cited by the plaintiff in point, and I have consulted all of them; Veillette v. Bowles, Em.App., 150 F.2d 862; Henderson v. Morgan, D.C., 54 F.Supp. 441; Johnson v. Bowles, Em. App., 145 F.2d 166; Creedon v. Schloss, D.C.S.D.N.Y. 78 F.Supp. 136. In none of the foregoing does it appear that the registration of maximum rent and the lease expressly excluded the furnishing of garage space.

The complaint will be dismissed.

The agreed statement of facts on which this opinion is based will be regarded as the findings of fact.