**WOODS, Housing Expediter, v. LAABS.**

No. 286.

United States District Court
W. D. Michigan, N. D.

July 11, 1950.

Paul Marshall, Sanford S. Simms, Sol W. Wyman and Albert F. Shulman, all of Cleveland, Ohio, for plaintiff.

Ivan D. Wright, Ironwood, Mich, for defendant.

STARR, District Judge.

On December 29, 1948, the housing expediter filed complaint in this court against the defendant landlord pursuant to sections 204(b) and 206(a) and (b) of the Housing and Rent Act of 1947, as amended in 1948, 62 Stat. 94, 98, 50 U.S.C.A.Appendix, §§ 1894(b), 1896(a), and (b), alleging that the defendant had demanded and received rents for the use and occupancy of certain controlled housing accommodations in excess of the maximum legal rents established for said accommodations under the applicable rent laws and regulations. The plaintiff asked for an injunction against future violation of the rent-control laws and regulations,[1] and for an order requiring the defendant to make restitution to his tenants of all rental overcharges resulting from the collection of sums in excess of the established maximum rents. Defendant answered and, for the reasons hereinafter discussed, denied plaintiff's right to the relief sought.

The pertinent facts are not in dispute. Defendant was, at all times material hereto, the landlord of some twenty-two housing accommodations located on the Oliver plat, Ironwood, Michigan, within the so-called Iron Mountain, Michigan, defense-rental area. On November 14, 1947, the defendant, being dissatisfied with the maximum legal rents then in force, petitioned the area rent director for an adjustment and increase of rents on said housing accommodations. On December 23, 1947, the area rent director filed an opinion or order denying defendant's petition for an adjustment and increase of the rents. Upon denial of his petition the defendant filed with the regional office of the housing expediter in Cleveland, Ohio an application for review of the area rent director's decision. On February 6, 1948, the regional office, after full investigation, entered an order signed by the regional rent administrator, granting defendant's petition for review, reversing the opinion or order of the area rent director, and increasing the maximum legal rents on the defendant's housing accommodations. In reliance upon this order of February 6th, the defendant thereupon proceeded to collect the increased rates of rental. However, on June 3, 1948, the regional office in Cleveland, without giving defendant notice or the opportunity for a hearing, entered an order signed by the regional housing expediter,[2] revoking the prior order of February 6, 1948,

---

1. At the trial the housing expediter abandoned his request for injunctive relief, because the defense-rental area in which the housing accommodations in question are located was decontrolled subsequent to the filing of the complaint.

2. The regional housing expediter was apparently the successor to the regional rent administrator.

which had granted defendant an increase in the maximum rents. The order of June 3, 1948, reads in part as follows:

"On February 2 [6], 1948, the regional rent administrator, upon consideration of an application for review filed by applicant, issued an order adjusting the maximum rent for subject accommodations as follows: * * *

"The regional housing expediter upon reconsideration of said application for review and determination finds that the maximum rent for said accommodations was erroneously increased for the following reasons: * * *

"By reason of the foregoing it is ordered that the orders issued by the regional rent administrator on February 2 [6], 1948, adjusting rents for subject accommodations be and the same are hereby revoked. This order supersedes the order issued by the regional rent administrator on February 2 [6], 1948.

"The maximum rent for the accommodations are the amounts allowable prior to November 14, 1947, under law and regulations then in force; the order of the (area) rent director issued on December 23, 1947, denying the adjustments is hereby affirmed."

Defendant received no notice of any kind from the Cleveland regional office of its intention to revoke its prior order of February 6, 1948. Section 840.12 of Revised Rent Procedural Regulation No. 1 dated May 1, 1948, provides in part as follows:

"An order entered by a Regional Housing Expediter upon an application for review shall be effective and binding until changed by further order and shall be final subject only to appeal as provided in § 840.14 and following of this part. An order entered by a Regional Housing Expediter upon an application for review may be revoked or modified at any time, *Provided, however, Due notice of the intention so to revoke or modify was previously given to the applicant.*"

Defendant contends that since he received no notice of any intention to revoke the order of February 6, 1948, the order of the regional housing expediter issued on June 3, 1948, revoking the February 6th order, is void. Plaintiff admits that no such notice as required by the above-quoted regulation was given to defendant, but contends that, because defendant did not appeal from the order of June 3, 1948, to the housing expediter in Washington, D. C., as provided for in the rent regulations, he has not exhausted his administrative remedies and may not now question the validity of that order in this suit.

Revised Rent Procedural Regulation No. 1 dated May 1, 1948, provides means whereby a landlord who has obtained an adverse decision from an area rent director may appeal from such decision to the regional housing expediter (§§ 840.11–840.13). If dissatisfied with the decision of the regional housing expediter, the landlord may then appeal to the housing expediter in Washington, D. C. (§§ 840.14–840.34). In other words, for a landlord aggrieved by a determination of the area rent director, there is provided the right of administrative appeal from the area rent director to the regional housing expediter, and from him to the housing expediter in Washington. In the present case defendant pursued the first steps of this administrative remedy provided by the regulations but did not take the final step. Therefore, the question presented is whether the defendant, when sued in this court by the housing expediter to enforce the June 3, 1948, order of the regional housing expediter, may question the validity of that order, even though he has not exhausted the final step of his administrative remedy by appeal to the housing expediter in Washington. In considering this question, it should be kept in mind that the order of June 3d was summarily entered by the regional housing expediter without notice to defendant as required by § 840.12 of Revised Rent Procedural Regulation No. 1, hereinbefore quoted.

Plaintiff cites many cases in support of its claim that the defendant may not question the validity of the order of June 3, 1948, in the present suit, because he has not exhausted his administrative remedies, but a reading of those cases will disclose that none are in point. Yakus v. United States,

321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Roupp v. Woods, 10 Cir., 176 F.2d 544; Abbet Holding Corporation v. Woods, Em. App., 1948, 167 F.2d 472; and Bowles v. Meyers, 4 Cir., 149 F.2d 440, cited by plaintiff, are all based on the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. Those cases held that a landlord could not attack the validity of rent regulations or orders in a Federal district court, but the decisions in those cases were based squarely upon § 204(d) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 924(d), which provided in part as follows:

"The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2 of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."

Under the above-quoted section of the 1942 Act the power to pass on the validity of rent orders and regulations was vested *exclusively* in the Emergency Court of Appeals and in the Supreme Court of the United States upon review. However, the present suit is not based upon the Emergency Price Control Act of 1942, as amended, but is based upon the Housing and Rent Act of 1947, as amended. This latter act does not contain the above-quoted provisions of the Price Control Act of 1942, as amended, providing for appeal to the Emergency Court of Appeals and restricting the jurisdiction of Federal or State courts. Therefore, the cases cited by plaintiff, which were decided under the above provisions of the 1942 Act are not pertinent to the issue in the present suit.

Other cases cited by plaintiff were suits by landlords or tenants against housing officials for injunctive or declaratory relief, to restrain the enforcement of rent orders or regulations. Those cases are readily distinguishable from the instant suit, which is an action by a housing official against a landlord to enforce a rent order, and the defendant landlord is merely defending himself. Plaintiff relies on Smith v. Duldner, 6 Cir., 175 F.2d 629; Babcock v. Koepke, 9 Cir., 175 F.2d 923; and Gates v. Woods, 4 Cir., 169 F.2d 440, which were suits by landlords under the Housing and Rent Act of 1947, as amended. In those cases the landlords were not allowed to attack the validity of rent orders or regulations, on the ground that they had not exhausted their administrative remedies. But those cases involved suits brought *by landlords* against housing officials to restrain the enforcement of rent orders or regulations. The courts denied the landlords relief, and rightly so, on the ground that an orderly administration of justice requires an aggrieved party to follow the administrative procedure for review of an adverse order before rushing into the courts to attack the validity of the order. Koster v. Turchi, 3 Cir., 173 F.2d 605, is to the same effect, except that in that case the suit to restrain the enforcement of a rent order by the housing officials was brought by tenants instead of by a landlord. The case of Woods v. Durr, 3 Cir., 176 F.2d 273, involved a suit by the housing expediter to restrain a landlord from prosecuting an eviction suit which he had instituted in a State court. The court in granting the injunction was simply adhering to the principle of the above cases that one must exhaust his administrative remedies before seeking affirmative action in the courts.

Plaintiff also relies upon the cases of Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L. Ed. 1796; Macauley v. Waterman Steamship Corp., 327 U.S. 540, 66 S.Ct. 712, 90

L.Ed. 839; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Cook v. Davis, 5 Cir., 178 F.2d 595; Monolith Portland Midwest Co. v. Reconstruction Finance Corporation, 9 Cir., 178 F.2d 854; and La Verne Co-op. Citrus Ass'n v. United States, 9 Cir., 143 F.2d 415. However, those cases arose under statutes other than the rent-control statutes and involved suits in which a party aggrieved by an administrative order sought injunctive or declaratory relief against the enforcement of the order without first exhausting his administrative remedies, or they involved a statute which outlined a specific method of administrative or judicial review for testing the validity of an order issued thereunder.

None of the authorities cited by plaintiff deals with the factual situation presented in the instant case, which is a suit instituted in a Federal district court by the housing expediter under the Housing and Rent Act of 1947, as amended, against the defendant landlord to enforce a rent order. This is not a case in which the landlord attempts to sidestep the administrative process provided by the rent regulations for obtaining a review of a rent order, by starting suit in a Federal court to enjoin the enforcement of the order on the ground that it is invalid. Instead, in this case the housing expediter has himself resorted to a Federal court to enforce a rent order against a landlord, and the landlord is simply defending himself by asserting the invalidity of the order. The court finds no provision in the Housing and Rent Act of 1947, as amended, and the regulations issued thereunder, or any holding in the cases decided thereunder, which would bar the defendant from showing in defense that the order of June 3, 1948, is invalid because entered without the notice required by the rent procedural regulations.

The court accordingly concludes that under the facts and circumstances of the present suit, the defendant landlord may assert in defense the invalidity of the June 3, 1948, order of the regional housing expediter, even though he had not exhausted the final step of his administrative remedies by appealing to the housing expediter in Washington. This conclusion is supported by the recent case of United States v. Fritz Properties, D.C., 89 F.Supp. 772, decided March 13, 1950, which involved a suit by the United States against a landlord for violation of the Housing and Rent Act of 1947, as amended. One of the defenses raised by defendant was that the premises had been decontrolled. Plaintiff argued that the defendant could not raise this defense because it had not exhausted its administrative remedies. The court in holding that defendant could raise the defense, said in 89 F.Supp. at pages 777–780:

"Plaintiff contends that the defense of decontrol may not be raised in this action, because the defendant did not exhaust all the available administrative remedies. Defendant made an original application for decontrol under the terms of the statute; in rejecting this application the Area Rent Director made an initial determination that defendant was not excepted from the terms of the statute. *The issue of law that must now be decided is whether or not defendant was obliged to invoke the appeal procedures authorized by the regulations —appeal to the Regional Administrator and then to the Housing Expediter—in order not to be barred from raising in this enforcement proceeding the defense that the statute exempted it from control.* * * *

"This issue must be distinguished from that facing this Court in the earlier Declaratory Judgment Action, later dismissed, wherein the present defendant, Fritz Properties, Inc., rather than the United States, was the plaintiff. * * *

"The only remaining question would be whether the doctrine of exhaustion of administrative remedies can be raised to bar the defendant from contesting the determination of jurisdiction by the Area Rent Director, where it failed to pursue the *appeal* procedures provided for in the regulations.

"It cannot be denied that an administrative remedy was available to the defendant here for securing a reversal of the local determination and that such remedies were not exhausted. *Assuming such failure bars the defendant from seeking affirmative relief, it is quite a different matter to say that he must necessarily exhaust*

*those remedies in order to challenge the administrative order by way of defense to its enforcement. * * ***

"A proper exercise of judicial discretion in the instant case should allow the defendant to raise the issue of jurisdiction in this enforcement action, irrespective of whether it might be allowed to raise the same issue, or any other issue, at the same stage of the controversy, by a declaratory judgment action, or action for injunctive relief."

Under § 840.12 of Revised Rent Procedural Regulation No. 1 hereinbefore quoted, the regional housing expediter may revoke or modify a prior order entered by him, but due notice of his intention to revoke or modify the order must be given the landlord. In the present case the plaintiff admits that the regional housing expediter entered his order of June 3, 1948, revoking the prior order of February 6, 1948, without giving the defendant any notice of an intention to revoke such order. Therefore, the court concludes that the order of June 3, 1948, was void and that its invalidity is a sufficient and valid defense to plaintiff's present suit to enforce that order.

For the reasons herein stated a decree of no cause of action will be entered in favor of the defendant. As the material and undisputed facts, and the court's conclusions of law, are fully set forth in this opinion, separate findings of fact and conclusions of law are deemed unnecessary.