204 F.2d 697
 DARGEL et al.
v.
BARR, Acting Director of Rent Stabilization et al.
 No. 611.
 United States Emergency Court of Appeals Heard at Chicago, Ill., March 23, 1953.
 Decided May 12, 1953.
 
 Rex K. Nelson, Washington, D. C., and Robert A. Kahn, Chicago, Ill., for complainants.
 Charles P. Liff, Chief, Appeals Section, Office of Rent Stabilization, Washington, D. C., with whom Robert A. Sauer, Acting Gen. Counsel, J. Walter White, Asst. Gen. Counsel, and Tom Davis, Atty., Appeals Section, all of the Office of Rent Stabilization, Washington, D. C., were on the brief, for respondent William G. Barr, Acting Director of Rent Stabilization.
 George L. Turner, Chicago, Ill., for intervening respondent, Harold H. Elfenbein, landlord.
 Before MARIS, Chief Judge, and McALLISTER and LINDLEY, Judges.
 McALLISTER, Judge.
 
 
 1
 Jennie E. Dargel and others, tenants of housing accommodations owned by Harold H. Elfenbein, filed a complaint seeking to have certain eviction certificates[1] issued by the Area Rent Director of the Chicago Defense Rental Area, set aside. The order granting the certificates of eviction was duly protested by the tenants and no question is raised as to their right to file their complaint in this court.
 
 
 2
 A hearing was held before the Area Rent Director upon the landlord's petition for the certificates of eviction, the reply and statements of the tenants, the landlord's supplemental reply, and the tenants' replication. Considerable evidence was introduced in the course of the hearing, and thereafter, the Area Rent Director issued the certificates of eviction in question.
 
 
 3
 An appeal was thereafter taken to the Housing Expediter and additional evidence was submitted in the course of the proceedings. The Housing Expediter was succeeded in office by the Director of Rent Stabilization, and after due consideration of the evidence, the Director filed an opinion and entered an order denying the appeal.[2] In the opinion and order, the Director of Rent Stabilization, after reciting that the Area Rent Director had issued the certificates of eviction and that the tenants had appealed from such decision, stated that upon an independent examination of the pertinent evidence in the record, he found that the grounds for eviction were substantiated; that the eviction was sought in good faith; and that the issuance of the certificates of eviction was proper and in accord with the provisions of the applicable rent regulation.
 
 
 4
 On the hearing of the complaint and answer in this court, the tenants submit that the Area Rent Director improperly interpreted the applicable provisions of the law and, as a result, did not base his decision on the evidence in the case.
 
 
 5
 The fact, however, that the Area Rent Director may have improperly interpreted the law and based his determinations on grounds which were not sustained by the evidence does not vitiate the subsequent decision of the Director of Rent Stabilization on protest of the determination of the Area Rent Director.
 
 
 6
 On protest, the Director must consider the issues de novo. Direct Realty Co. v. Porter, Em.App., 1946, 157 F.2d 434. Procedural due process does not require even a hearing to be accorded at the initial stage or preliminary stages of administrative procedures, so long as the requisite hearing is held before the final order becomes effective. Opp Cotton Mills, Inc. v. Administrator, 312 U.S. 126, 61 S. Ct. 524, 85 L.Ed. 624; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Direct Realty Co. v. Porter, supra; Victor v. Porter, Em.App., 1946, 157 F.2d 769. The determination by the Area Rent Director in this case is not of controlling importance upon a hearing de novo and a decision founded upon an independent examination of the evidence in the record by the Director of Rent Stabilization.
 
 
 7
 The issue, then, with which we are confronted is whether the order of the Director was sustained by substantial evidence on the record viewed as a whole, which is the standard for review established by Section 408(a) of the Defense Production Act of 1950, as amended by Public Law 429 of the 82nd Congress. It is the claim of the tenants that the landlord unlawfully attempted to remove them from the housing accommodations in question, in violation of the statute;[3] and that the landlord did not seek the eviction certificates in good faith in accordance with the requirements of the applicable regulation.[4] Under the provisions of Section 193 of the regulation, it does not suffice that the landlord demonstrate that he does, in reality, intend to alter or remodel for the purpose of creating additional housing accommodations of the type recognized as self-contained family units and that he has secured the necessary permits and made the necessary arrangements therefor. If the section were to be so interpreted, the requirement of good faith would be unnecessary. The dominant purpose for which the certificates are sought must be the alteration and remodeling of the premises. If the landlord is primarily motivated by a desire to rid himself of a particular tenant or tenants who have made themselves unacceptable to him by their insistence upon compliance with the requirements of federal rent control, then the petition for certificates of eviction must be denied for lack of good faith.
 
 
 8
 In Snyder v. Reshenk, 131 Conn. 252, 38 A.2d 803, 806 the plaintiff contended that the trial court had erred in charging the jury that, in determining whether the plaintiff was acting in good faith, within the meaning of the regulation of the federal Emergency Price Control Act, 50 U. S.C.A.Appendix, § 901 et seq., in seeking to recover possession of housing accommodations for her own use and occupancy, the jury should consider circumstances other than her actual intent in that respect. After holding that the trial court's charge was proper in the light of the record made in that particular case, the Supreme Court of Errors of Connecticut went on to say:
 
 
 9
 "Furthermore, we are satisfied that the narrow construction of the regulation for which the plaintiff contends is not justified. * * *
 
 
 10
 "Without attempting a definition of `good faith' as used in the regulation, it is sufficient for the purposes of this decision to point out that the reason and purpose shown by the provisions discussed, in the light of the definitions quoted, afford compelling reason for concluding that the existence of an actual intent by the plaintiff to use and occupy the third-floor tenement as a dwelling for herself would not constitute `good faith' if the real, dominant and controlling motive and purpose of her action were to get revenge upon the defendant by ousting him. We so hold. To hold otherwise would be to defeat the primary intent in this regard expressed in the act. Accordingly, the justice properly instructed the jury to take into consideration the various relevant circumstances in determining whether or not the plaintiff acted in good faith in seeking possession of the third-floor tenement. See Gould v. Butler, D.C.Mun.App., 31 A. 2d 867, 869; Downs v. Karsh, D.C. Mun.App., 33 A.2d 620; Shaffer v. Bowes, D.C.Mun.App., 31 A.2d 690; Bumgarner v. Orton, Cal.Super., 146 P.2d 67."
 
 
 11
 In the record, there appear numerous allegations on the part of the tenants that the landlord had deprived them of services to which they were entitled; that he had demanded and accepted payments of rent in excess of the legal maximum rents; that he knew of his obligations with respect to the services and maximum rents; and that he threatened that he would "cut up and evict" if they complained to the authorities or insisted upon their rights in these matters. However, the landlord in the proofs before the Director denied that he had deprived the tenants of services or that he had knowingly overcharged them. He explained that the overcharges were made through inadvertence and error, and that when he first learned of them, he offered to refund to the tenants any amount determined by the Area Rent Director to have been received in excess of the legal amount. The record is clear that the landlord did obtain plans for a conversion of the premises which, under the terms of the regulation and in the absence of other facts, would entitle him to the relief he sought; that he had secured the necessary permit for the reconstruction of the premises, and that he had obtained a commitment for financing the work. Moreover, the record shows that the landlord entered into a contract for the complete job of the reconstruction of these premises. The foregoing indicates the considerable conflict in the claims of the parties. However, the question before the Director was a question of fact, and in arriving at his decision, it was his function and duty to consider all the circumstances, to determine the credibility of the witnesses, and to weigh the evidence in the case.
 
 
 12
 Upon a review of the record, we are of the opinion that the order of the Director of Rent Stabilization was sustained by the evidence on the record viewed as a whole.
 
 
 13
 In accordance with the foregoing, the temporary restraining order entered January 19, 1953 will be vacated and a judgment will be entered dismissing the complaint.
 
 
 
 Notes:
 
 
 [1]
 The above mentioned certificates were issued under Section 191 of Rent Regulation No. 1, 16 F.R. 12889
 
 
 [2]
 We have held that the complainants' appeal must be regarded as a protest for the purposes of Sections 407 and 408 of the Defense Production Act, as amended, 50 U.S.C.A.Appendix, §§ 2107, 2108. Dargel v. Henderson, Em.App., 1952, 200 F.2d 564
 
 
 [3]
 Section 206(h) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1896(h), provides: "It shall be unlawful for any person to remove or attempt to remove from any controlled housing accommodations the tenant or occupant thereof or to refuse to renew the lease or agreement for the use of such accommodations, because such tenant or occupant has taken, or proposes to take, action authorized or required by this Act or any regulation, order, or requirement thereunder."
 
 
 [4]
 The above mentioned provisions of the regulation provide that a Certificate Relating to Eviction shall be issued: Where a landlord seeks in good faith to recover possession for the immediate purpose of substantially altering or remodeling the housing accommodations and such alterations or remodeling (a) is for the purpose of creating additional housing accommodations of the type recognized as self-contained family dwelling units in the neighborhood in which they are located * * *Provided, That the landlord has obtained such approval for the proposed alterations or remodeling as may be required by Federal, State, and local law: And provided further, That such alterations or remodeling cannot practicably be done with the tenant in occupancy. Sections 191 and 193 of Housing Rent Regulation No. 1.