208 F.2d 180
 SMITH
v.
SHERRARD.
 No. 654.
 No. 655.
 United States Emergency Court of Appeals
 Submitted October 28, 1953.
 Decided December 2, 1953.
 
 Donald MacKay, Chicago, Ill., for complainants.
 Charles P. Liff, Director, Appeals Branch, Defense Rental Areas Division, Office of Defense Mobilization, Washington, D. C., for respondent.
 Before MARIS, Chief Judge, and MAGRUDER and LINDLEY, Judges.
 LINDLEY, Judge.
 
 
 1
 The complaints in these two causes, consolidated for hearing, were filed pursuant to the provisions of Section 408(a) of the Defense Production Act of 1950, as amended, 50 U.S.C.A.Appendix, § 2108(a), to review certain orders of respondent decreasing maximum rents for residential accommodations.
 
 
 2
 Complainant is stockholder in, president of and agent for 5100 Hyde Park Corporation, the owner and landlord of the two subject housing accommodations located in the City of Chicago, viz., an apartment at 5109 Cornell Avenue leased to Mrs. George Heyman and another at 1623 Hyde Park Boulevard leased to Ray Walker. The essential facts with respect to both apartments are identical and our comments pertain to each unless otherwise indicated.
 
 
 3
 At the commencement of rent control the maximum rent for each unit was registered as $100 per month, the landlord's registration including painting and decorating as a part of the minimum services included in the maximum rents. Thereafter, on July 28, 1947, new leases were executed and filed with the Housing Expediter, whereby the maximum rent for each unit was increased to $115 per month, as permitted by the applicable statute. On September 25, 1952 an increase in the maximum rents of $15 per month, to $130 per month, was granted by the Area Director, presumably pursuant to the provisions of Section 204(o) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1894 (o).
 
 
 4
 On or about November 19, 1952 the tenants filed applications with the Area Director seeking a decrease in rentals on the ground that decorating had been discontinued. The application filed by Heyman stated that for some four years preceding her application all decorating had been done at her expense. Complainant was notified by the Director, on January 14, 1953, that a preliminary investigation indicated that the service of decorating had been discontinued and, unless restored, would result in a reduction of the maximum rents. Complainant was given an opportunity to answer and to present any relevant evidence. In reply to these notices, he denied that there had been any "change in decorating service since March 1, 1942," the maximum rent date. Each reply contained also an assertion that it was the tenant's duty to maintain the apartment "as he got it," reasonable wear and tear excepted, and that the tenants' grievances emanated solely from their own failure to meet this obligation. The record discloses no further evidence offered by complainant and no request for a hearing. Orders were issued on January 22, 1953, effective September 25, 1952, decreasing the maximum rents for each apartment from $130 to $119.50 per month and requiring the landlord to refund all sums collected in excess of $119.50 per month after the latter date.
 
 
 5
 The complainant filed a protest against each order and deposited in escrow funds sufficient to stay the obligation to refund pending disposition by respondent. The protests were denied May 14, 1953. Each was based on the averments, now renewed in each complaint, that there "was no hearing on the petition and answer to decrease the rents; that Harry Smith was not given an opportunity to put in evidence" tending to disprove the charge of decreasing minimum services and that the order of January 22, 1953 was entered in pursuance of consideration of the tenant's petition and complainant's answer only.
 
 
 6
 In denying the protests, respondent found that the services of "painting, decorating and interior repairs" were required to be furnished by the landlord, and that, since September 25, 1952, there had been an unauthorized decrease in such services. Although no specific finding appears with respect to complainant's averment of denial of due process of law, a finding on this issue adverse to him is implicit in respondent's orders denying the protests.
 
 
 7
 As previously noted, no hearing was requested by complainant at any stage of the administrative proceedings. No evidence, either oral or written, was offered by him at any stage. He merely denied the charge made by the tenants. Concededly he has not complied with the provisions of Sections 12 and 35 of Rent Procedural Regulation 3, promulgated July 1, 1952, relative to the grant of an oral hearing. Thus the important question before us, and the only one stressed by complainant, is whether procedural due process requires that an oral hearing be granted to a landlord in every case as a matter of right before a valid order may be entered decreasing maximum rents.
 
 
 8
 Section 12 of RPR 3 provides, in part: "In most cases, evidence in proceedings before an Area Rent Director will be received only in written form * * *. However, * * * the landlord or tenant may request that oral testimony be taken. Such request shall be accompanied by a showing as to why the filing of affidavits, or other written evidence will not permit the fair and expeditious disposition of the proceeding. * * *" Section 35 makes like provision for receipt of oral testimony in protest proceedings on a like showing of a need therefor.
 
 
 9
 Since, on protest, the Director must consider the issues de novo, Dargel v. Barr, Em.App., 204 F.2d 697, these provisions afforded complainant an opportunity for an oral hearing at both the initial and protest stages, conditioned upon his showing that the proceeding could not be expedited on the consideration of written evidence alone. We think this provision is sufficient to satisfy the requirements of procedural due process, which requires only that a hearing be afforded at some stage of the administrative proceeding before the final order of the administrator becomes effective. Yakus v. United States, 321 U.S. 414, 64 S. Ct. 660, 88 L.Ed. 834; Dargel v. Barr, supra.
 
 
 10
 In Direct Realty Co. v. Porter, Em. App., 157 F.2d 434, 437, this court, reviewing an individual rent order, sustained procedural provisions similar to those now before us, promulgated pursuant to the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. against due process objections. There, as here, the right to an oral hearing was conditioned upon a showing that filing of written evidence would not permit a fair and expeditious disposition of the issues. Noting the tremendous number of petitions requiring disposition by the administrative authorities, and the burden of work involved were an oral hearing required in each such proceeding, we found the procedure to be "a wholly reasonable prerequisite to the allowance of an oral hearing." See also, Veillette v. Bowles, Em.App., 150 F.2d 862, where we held that one who had failed to request an oral hearing had no standing upon which to object that it was not accorded her.
 
 
 11
 The Supreme Court has, by inference at least, approved the conditioning of a hearing in an individual price control situation upon a showing of a need therefor. In Yakus v. United States, 321 U.S. 414, at page 436, 64 S.Ct. 660, at page 673, 88 L.Ed. 834, the court said: "* * * (T)he Act contemplates, and the Administrator's regulations provide for, a full oral hearing upon a showing that written evidence and briefs `will not permit the fair and expeditious disposition of the protest'. * * * In advance of application to the Administrator for such a hearing we cannot say whether its denial in any particular case would be a denial of due process." See also, Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892. No variance from this principle is found in the cases arising under the 1942 Act. See, Reines v. Woods, Em.App., 192 F.2d 83; Abbet Holding Corporation v. Woods, Em.App., 167 F.2d 472; Polis v. Creedon, Em.App., 162 F.2d 908; 150 East 47th Street Corp. v. Creedon, Em.App., 162 F.2d 206. We see no reason why these decisions are not controlling, in principle, of the due process issue under the 1947 Act raised here.
 
 
 12
 Had complainant consulted RPR 3 at any stage of the administrative proceedings, he would have found that an oral hearing was accorded him at each stage, namely, at the initial proceeding before the Area Director and at the protest level before respondent, on satisfaction of the reasonable conditions imposed by Sections 12 and 35. The record discloses no attempt on his part to secure an oral hearing as permitted by those provisions, unless his bare assertion in the protests filed with respondent that "there was no hearing" and "no opportunity to put in" favorable evidence is to be so construed. This falls far short of the showing required by Section 35, RPR 3, and "this bare assertion, unsupported by averments of fact, can hardly be said to constitute compliance with the regulation." See Reines v. Woods, Em.App., 192 F.2d 83, 86, in which a letter asserting that the information which the landlord sought to present "cannot be obtained by affidavits" was held insufficient to satisfy the conditions for an oral hearing in proceedings arising under the 1942 Act. We conclude that, having failed to take advantage of the opportunity afforded him by the regulations to secure a full oral hearing, complainant cannot now urge that he was denied due process because it was not granted. Veillette v. Bowles, Em.App., 150 F.2d 862.
 
 
 13
 Complainant relies on certain language, inapposite to his cause, from the opinion of the court in Powell v. State of Alabama, 287 U.S. 45, 68, 53 S.Ct. 55, 64, 77 L.Ed. 158, to support his contention. No one questions the rule that notice and an oral hearing are "steps essential to the passing of an enforceable judgment" depriving one of life, as in the Powell case, or of his property, by judicial process. However, in the language of the Supreme Court, "We are not dealing here with a situation which involves a `taking' of property." Bowles v. Willingham, 321 U.S. 503, 516, 64 S.Ct. 641, 648, 88 L.Ed. 892. Although rent controls may reduce the value of property, the Act does not require that complainant's apartments be taken. The rigid due process requirements for such situations do not apply. Bowles v. Willingham, supra.
 
 
 14
 If the objection that respondent's orders are not supported by substantial evidence is preserved before this court, that contention also must fail. Decorating was among the minimum services registered by the landlord as included in the maximum rents. Complainant's answers to the tenants' petitions did not deny that this service was not being furnished, but averred that the obligation to paint and decorate had been assumed by the tenants. With respect to the petition of Mrs. Heyman, complainant seeks to rely on her averment that she had done all decorating in her apartment for a period of four preceding years to support his averment that this obligation had been assumed by the tenant. In the absence of evidence to show that the original registration statements were not controlling when these orders were entered, it cannot be said as a matter of law that respondent's orders were not supported by substantial evidence.
 
 
 15
 Judgment will enter dismissing the complaints.