**WOODS, Housing Expediter, v. HILLS.**

No. 3497.

Circuit Court of Appeals, Tenth Circuit.

July 8, 1948.

Nathan Siegel, of Washington, D. C., Atty., Office of Housing Expediter, Office of Rent Control (J. Gregory Donohue, of Denver, Colo., Chief, Rent Enforcement Division, Office of Housing Expediter, Edwin D. Dupree, Jr., Asst. Gen. Counsel, Hugo V. Prucha, Director, Rent Enforcement, Irving M. Gruber, Chief Litigation Branch, and Irvin E. Bernstein,

Atty., Office of Housing Expediter, Office of Rent Control, all of Washington, D. C., on the brief), for appellant.

George D. Rathbun of Manhattan, Kan., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Chester Bowles, Administrator of the Office of Price Administration, brought this action against Hills for treble damages and for an injunction under § 205 of the Emergency Price Control Act, as amended, 50 U. S.C.A., Appendix, §§ 901, 925, and under the Rent Regulation for Housing, as amended, 8 F.R. 7322. Hills remodeled apartments located in a defense rental area, subject to the rent regulations, and duly registered them. Thereafter, on December 17, 1943, the maximum rents were reduced by the Area Rent Director, pursuant to § 5(c) of the Regulations, and, on March 7, 1945, the Rent Director issued an order further reducing the maximum rents.

The parties waived trial by jury and stipulated that the only issue was the validity of the second order. The District Court entered judgment for Hills on October 29, 1946, holding that the burden was on the Administrator to establish the validity of the second order, and that he had failed to introduce proof establishing its validity. An appeal to this court followed. We certified three questions to the Supreme Court. On May 10, 1948, the Supreme Court handed down an opinion in the certified case. See Woods, Housing Expediter, v. Hills, 68 S.Ct. 992. It follows from that opinion that the District Court was and is without jurisdiction to determine the validity of the second rent order and that the judgment below must be reversed. However, on remand, the District Court can withhold judgment so that it may give effect to any determination by the Housing Expediter or the Emergency Court of Appeals, should Hills pursue his remedy under the statutory review procedure indicated in the next to the last paragraph of the opinion of the Supreme Court adverted to above.

The judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.