ROUPP v. WOODS.

No. 3755.

United States Court of Appeals
Tenth Circuit.

March 23, 1949.
Rehearing Denied Sept. 8, 1949.

Phillips, Chief Judge, dissented.

Walter F. Scherer, Max D. Melville and Edward E. Pringle, all of Denver, Colo., for appellant.

Nathan Siegel, Sp. Litigation Atty., of Washington, D.C. (Ed. Dupree, Gen. Counsel, and Hugo V. Prucha, Asst. Gen. Counsel, both of Washington, D. C., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Acting pursuant to the provisions of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., Tighe E. Woods, Housing Expediter, instituted this action in conventional form against John E. Roupp, owner and operator of the Fitzsimons Courts in Denver, Colorado, to recover treble damages for rents charged and collected in excess of the maximum rents permitted under the applicable rent regulation for housing. An exhibit attached to the complaint set forth in detail the apartment numbers, the dates of occupancy, the maximum legal rents, the amounts of rents charged and collected, and the amounts of overcharges not refunded. In his answer, the defendant admitted charging and collecting the rents set forth in the exhibit attached to the complaint; denied that the exhibit stated the maximum legal rents; denied that there were any overcharges; denied that any proper orders were issued requiring him to make refunds to his tenants; pleaded limitations; pleaded that the area rent director promised him that no retroactive refund orders relating to the premises would be issued if an order were entered reducing the maximum rents fixed upon the first rentals, and that the housing expediter was estopped to recover for overcharges resulting from the failure or refusal to obey the rent reduction orders; pleaded that neither the Emergency Price Control Act nor any regulation or order made a matter of public record put him on notice that his failure or refusal to make refund of rents in compliance with a retroactive order of reduction would subject him to statutory damages; pleaded good faith in charging and collecting the rents; and pleaded that the reduction orders were

546

invalid because issued arbitrarily and capriciously. The housing expediter filed a motion for summary judgment on the ground that there were no genuine issues of fact to be tried and that he was entitled to judgment on the face of the record. Defendant filed a like motion for judgment in his favor. The court granted the motion of the housing expediter but assessed damages at only twice the amount of the overcharges in rentals. Judgment was entered accordingly, and the defendant appealed.

▇ It is insisted that the United States and the housing expediter were estopped to sue on the refund orders entered in violation of the representation and promise of the area rent director that no such orders would be entered. The contention does not call for extended discussion. Verbal statements of the kind and emanating from the source pleaded in the answer do not give rise to equitable estoppel in a case of this character. Schreffler v. Bowles, 10 Cir., 153 F.2d 1, certiorari denied, 328 U.S. 870, 66 S.Ct. 1366, 90 L.Ed. 1640; Wells Lamont Corporation v. Bowles, Em.App., 149 F.2d 364, certiorari denied, 326 U.S. 730, 66 S.Ct. 37, 90 L.Ed. 434; Bowles v. Indianapolis Glove Co., 7 Cir., 150 F.2d 597, certiorari denied, 326 U.S. 794, 66 S.Ct. 484, 90 L.Ed. 483; 4732 Washington Apartments v. Creedon, Em.App., 162 F.2d 416; Kessler v. Fleming, 9 Cir., 163 F.2d 464.

▇ The next contention is that since appellant did not receive any notice of proceedings looking to the reduction of rentals and was not given an opportunity to submit written evidence in opposition to the proposed reduction, the reduction and refund orders were nullities. The argument is that for the reasons stated such orders never came into existence. But the contention amounts to an attack upon the validity of the orders, and the trial court was without jurisdiction to entertain it. Woods v. Hills, 334 U.S. 210, 68 S.Ct. 992; Id., 10 Cir., 168 F.2d 995; Woods v. Bobbitt, 4 Cir., 165 F.2d 673; Elma Realty Co. v. Woods, 1 Cir., 169 F.2d 172.

▇ The final contention advanced is that there was no basis for the allowance of double damages. After the court determined that appellant was liable, and when the cause came before the court on the question of the amount of damages to be awarded, appellant argued that he acted in good faith and that his conduct was free from wilfulness. In the course of the argument emphasis was placed upon the fact that appellant did not receive any notice of intention to reduce the rents, did not know of his obligation to make refunds, and had no opportunity to protest. The argument was based upon the record. No request was made to introduce evidence relating to good faith or the lack of it. The charging and collecting of the rentals, the entry of the orders of reduction and refund, the failure of appellant after notice of the entry of such orders to take steps to have their validity determined in a procedural manner then available to him, and the failure of appellant to make refunds as ordered, all affirmatively appeared in the case. And with those essential facts before it, the court was warranted in the exercise of its sound judicial discretion in entering summary judgment for double damages. Batson v. Porter, 4 Cir., 154 F.2d 566.

The judgment is affirmed.

PHILLIPS, Chief Judge (dissenting).

It is my opinion that the trial court erred in awarding summary judgment for double damages. If the allegations of the answer to the effect that the violations, if any, were neither willful nor the result of the failure to take practical precautions against the occurrence of such violations, were accepted as true by the trial court, they established that Roupp, the appellant, acted in good faith. If they were not accepted as true, summary judgment was improper because they presented a genuine issue of fact in support of which appellant was entitled to introduce evidence.

For the reasons indicated, I would reverse and remand the case for further hearing on the issue of the amount of damages. See McRae v. Creedon, 10 Cir., 162 F.2d 989, 992; Blood v. Fleming, 10 Cir., 161 F.2d 292, 295.

## On Petition for Rehearing.

BRATTON, Circuit Judge.

Appellant advances the argument that the opinion previously rendered herein is inconsistent with Blood v. Fleming, 10 Cir., 161 F.2d 292, and McRae v. Creedon, 10 Cir., 162 F.2d 989. But we are unable to share that view.

In the Blood case, Walter W. Blood, Kirwin B. Blood, and Mary Ellen Blood were joined as defendants. It was alleged in the complaint that the defendants were landlords, operating the housing facilities in question; that they had collected and were collecting excessive rents; and that unless restrained they would continue to engage in acts constituting violation of the Emergency Price Control Act, 50 U.S.C.A. Appendix, § 901 et seq. The defendant Walter W. Blood denied that he was the owner or landlord of the property, and further denied that he had received and retained any of the rentals. His contention, disclosed in his answer and at a pretrial conference, was that the property belonged to the other defendants; that the defendant Kirwin B. Blood was in the armed forces of the United States; and that at the request of and as an accommodation to the Office of Price Administration, the defendant Walter W. Blood filed on behalf of Kirwin B. Blood the registration statement, without authority to do so. With these decisive issues of fact joined on the face of the pleadings, the court entered summary judgment against the defendant Walter W. Blood requiring him to pay $375 as refund of excessive rents charged and collected. No even remotely similar situation was presented in this case. Here, appellant admitted ownership of the property and admitted charging and collecting the rents as pleaded in the complaint. The only question before the court at the time of the entry of the summary judgment was the amount of the judgment for the violation of the Act.

The McRae case was an action in conventional form for charging and collecting excessive rents. The court said that no issue survived the reversal on a former appeal except the amount of damages to be assessed for the adjudicated violations, and that summary judgment was therefore timely. The court further said that under section 205(e) of the Act, the entry of judgment for twice the amount of the overcharges was authorized, unless the landlord proved that the violations were neither willful nor the result of the failure to take practical precautions against the violations, in which event judgment should be entered for the amount of the overcharges. The court further said that the mitigating facts were an affirmative defense, which the landlord had the burden of pleading and proving. And the court further said that the landlord complained that she was denied the right to prove that the violations were neither willful nor the result of her failure to take practical precautions against the occurrences of the violations in mitigation of damages.

Here, the burden rested upon appellant to plead and prove affirmatively that the charging and collecting of excessive rents was not done willfully or as the result of a failure to take practical precautions against the occurrence of the violations. McRae v. Creedon, supra. The issue was pleaded in the answer, but when the case came before the court on the question of the amount of the judgment, appellant did not offer any evidence tending to establish good faith in mitigation. The question was argued on the record, but appellant did not indicate in any manner a desire to submit evidence bearing upon it. The ownership of the property and the charging and collecting of rents as alleged in the complaint being admitted, and appellant failing to offer any evidence tending to show lack of willfullness or failure to take practical precautions against the occurrence of the violation of the Act, entry of summary judgment for double damages was not erroneous. Batson v. Porter, 4 Cir., 154 F.2d 566.

The petition for rehearing is denied.

PHILLIPS, Chief Judge, dissents.