## BAGBY v. UNITED STATES.

No. 14581.

United States Court of Appeals
Eighth Circuit.

Oct. 15, 1952.

Jerome F. Duggan and Edward A. Dubinsky, St. Louis, Mo., for appellant.

Isadore A. Honig, Sp. Litigation Atty., Washington, D. C., (Ed Dupree, Gen. Counsel, A. M. Edwards, Jr., Asst. Gen. Counsel, and Nathan Siegel, Sol., all of the Office of Rent Stabilization, Washington, D. C., on the brief), for appellee.

Before SANBORN, RIDDICK and COLLET, Circuit Judges.

COLLET, Circuit Judge.

The United States Housing Expediter brought this action in the name of the United States, as plaintiff, against the defendant-appellant to recover rentals charged in excess of the maximum legal rents established for the housing accommodations located in the City of St. Louis, Missouri. The total overcharges sued for amounted to $504.00 and are alleged to have accrued from August 22, 1949, to July 24, 1950. The action was filed on April 13, 1951. That part of the overcharges accruing within one year preceding the filing of the suit was $147.00, which latter amount the complaint prayed be trebled. The complaint further prayed for an injunction against the future violation of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq. The answer denied in general terms the substantive allegations of the complaint.

Two requests for admissions of fact were made by plaintiff of defendant, which sought to establish the fact that Homer M. Heidger was defendant's tenant from August 22, 1949, to July 24, 1950, that the maximum legal rent during that period for the premises he occupied was $9.50 per week, that the amount paid was $20.00 per week, that no part thereof had been refunded, that more than 30 days had elapsed since the rent payments were made; that no action for statutory damages had been instituted by the tenant against defendant, and that the premises were controlled housing accommodations within the meaning of the Housing and Rent Act of 1947.

Defendant answered the interrogatories saying that she was without sufficient information to say whether the premises were controlled housing accommodations, that she had a tenant in the premises from on or about August 22, 1949, to on or about July 24, 1950, but that she was without sufficient records to say whether it was Homer M. Heidger or how much was paid, but that she did not receive $20.00 per week from Heidger, that she did not owe him any refund, and in response to whether he had instituted any action, said that Heidger employed counsel but what counsel had done she could not say.

Upon that state of the record on August 11, 1951, plaintiff filed a motion for summary judgment, basing it on the pleadings and interrogatories above referred to and two affidavits which supplied all of the facts essential to a recovery. With the affidavits were submitted copies of letters to the Office of Housing Expediter from defendant and an attorney appearing to represent her, in which the rental of the property to Heidger at the rent alleged for the period above stated was admitted, and indicating knowledge of the fixing of maximum rents on the premises at $9.50 per week. The motion for summary judgment and supporting documents appear to have been served on defendant, but there was no response thereto. On September 26, 1951, the District Court sustained the motion for summary judgment and entered judgment providing that defendant should pay to the Treasurer of the United States through the Office of Rent Stabilization for and on behalf of Homer M. Heidger $504.00, that she should pay to the United States double damages in the amount of $294.00, and enjoining her from future violations of the Act. On October 5, 1951, defendant filed a motion to set aside the summary judgment and requested oral argument on the motion. The record shows that the motion of defendant to set aside the summary judgment was argued, submitted and overruled.

Three assignments of error are presented for determination:

1. The Court erred in granting plaintiff's motion for summary judgment without affording defendant a hearing on the motion.

2. The Court erred in awarding double damages to plaintiff on its motion for summary judgment.

3. The Court erred in granting plaintiff on its motion for summary judgment a broad and sweeping injunction against the defendant.

In support of the charge that defendant should have been afforded a hearing on the motion for summary judgment, she says that the record shows (which it does) that there was a docket entry made on September 20, 1951, setting the case for trial on November 6, 1951; that the judgment states that the motion for summary judgment came on for hearing on September 19, 1951, whereas there was no docket entry of a hearing on September 19; that the record is silent—"upon two salient points: (1) The plaintiff never served notice upon defendant that it intended to take up its motion; and (2) the District Court granted the relief sought without a hearing, the opening sentence of the judgment notwithstanding to the contrary", when Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides that a hearing upon such a motion be after ten days' notice.

Relying upon United States v. Dillman, 5 Cir., 146 F.2d 572, 574, wherein it was said:

"The basic elements of a full and fair hearing 'include the right of each party to be apprized of all the evidence upon which a factual adjudication rests, plus the right to examine, explain or rebut all such evidence.' "

and Brown v. Quinlan, 7 Cir., 138 F.2d 228, 229:

"To effect an involuntary termination of a suit requires, in the absence of waiver of final hearing, a hearing upon a motion for summary judgment or to dismiss the complaint." ·

defendant says that for lack of notice of a hearing on the motion she was denied an opportunity to show that there was an issue of fact to be tried.

The judgment may have been incorrect in stating that there was a hearing on the motion on September 19, 1951. The docket entries show no hearing on that date and it is not controverted that there was no hearing. The recital in the judgment that "This cause came on to be heard * * *

on September 19, 1951," may be correct, however, if the words "came on to be heard" were intended to mean that the motion was considered by the court on that day. And that is probably what was intended, for reasons which we shall presently note. But in our judgment the recital is unimportant. What is important is whether for want of notice defendant was denied an opportunity to be heard, or whether she waived a hearing by not requesting one.

Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., relating to summary judgment provides, subsection (c), that:

"The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits."

Rule 78 of those Rules is as follows:

"Unless local conditions make it impracticable, each district court shall establish regular times and places, at intervals sufficiently frequent for the prompt dispatch of business, at which motions requiring notice and hearing may be heard and disposed of; but the judge at any time or place and on such notice, if any, as he considers reasonable may make orders for the advancement, conduct, and hearing of actions.

"To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."

Rule 83 of the Federal Rules of Civil Procedure is:

"Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. * * * In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules."

It is obvious from the foregoing Federal Rules of Civil Procedure that the district court was authorized to promulgate local

rules of procedure on motions not inconsistent with the Federal Rules of Civil Procedure. The district court has done so. Reference to the Rules, United States District Court for the Eastern Judicial District of Missouri, in effect at the time of the filing of the motion for summary judgment, discloses that Rule VIII, relating to motions, fixes the first Friday in each month as motion day in Court 1 (which was the division in which this motion was lodged). It further provides:

"Motions in general shall be forthwith submitted and determined upon motion papers and briefs hereinafter referred to, without oral argument (except as hereinafter referred to), as soon after filing and submission of briefs as time of Court permits. Oral argument of motions will be had on written request of any party to cause or upon order of Court. The request for oral argument may be made in motion or written memorandum of either party, or otherwise, on or before day when last brief is due."

The rule then further provides for the service of the motion as follows:

"The moving party shall serve and file with his motion and notice of the filing thereof a brief written statement of reasons in support of the motion and a list of citations of any authorities on which he relies."

It then provides for the response of the opposing party in the following language:

"Each party opposing the motion may serve and file five days after being served with the motion a brief written statement of reasons in opposition to the motion and a brief or a list of citations of any authorities on which he relies. If the motion requires a consideration of facts not appearing of record he shall serve and file copies of all documentary evidence or photographs which he intends to submit in opposition to the motion, in addition to the affidavits required or permitted by the Federal Rules of Civil Procedure."

As to motions which are to be presented on oral argument or on testimony, the rule provides that:

"All motions which are to be presented on testimony or oral argument which have been on file at least five days before any motion day, except as provided in Rule 56(c), Rules of Civil Procedure, shall be placed upon calendar to be called at opening of court on motion day, unless otherwise ordered by court."

It will be noted from the last above quoted provision of the rule that the district court took cognizance of the provision in Rule 56(c) relating to motions for summary judgment, providing that such motions should be served at least ten days before the time fixed for the hearing, and made the proper exception in the district court rules, eliminating any conflict.

■ From the above quoted provisions of the local rules of the district court, it it clear that the defendant was adequately advised that the motion for summary judgment would be taken as submitted upon the motion and the motion papers if there was not some indication given in some manner that she had evidence to offer or desired a formal hearing upon the motion. Under the rules it was necessary, to obtain the opportunity to present testimony or to have a hearing, that a request therefor be made. No such request was made and the result was that the court did just as the rule indicated it would do—took up the motion and determined it without a hearing. Examining the files and the supporting affidavits and documents appended thereto, it appeared to the court that defendant had conceded all the essential facts. The judgment followed. Under those circumstances defendant was not denied an opportunity to have a hearing or to present evidence on the motion, and must be held to have waived a hearing on the motion. And she was given a hearing on her motion to set aside the judgment, at which time she could and may have presented her reasons why there was a disputed issue of fact.

■ The contention that the court was without authority to award double damages

to plaintiff on its motion for summary judgment is not supported by the authorities. See Woods v. Polis, 3 Cir., 180 F.2d 4; Roupp v. Woods, 10 Cir., 176 F.2d 544; United States v. Ziomek, 8 Cir., 191 F.2d 818.

It is contended that the court erred in granting an injunction against defendant on a motion for summary judgment. The gravamen of the argument made in support of this contention is as follows: That defendant did not have an opportunity to develop matters which would have restrained the court from exercising its discretion to issue the injunctive order, and, second, that the scope of the injunction was much broader than the facts justified.

 It has already been demonstrated that defendant was not deprived of an opportunity to be heard. And we do not find in the authorities presented by defendant support for the contention that the scope of the decree was broader than the facts presented to the court warranted. The facts in the case of Woods v. Polis, 3 Cir., 180 F. 2d 4, distinguish that case from this.

For the reasons stated, the judgment should be and is affirmed.