**Havner H. PARISH, Jr., Appellant,**

v.

**Dwayne E. HOWARD, Appellee.**

**No. 71–1384.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1972.

Decided May 9, 1972.

Richard G. Santi, Thoma, Schoenthal, Davis, Hockenberg & Wine, William J. Koehn, David J. Blair, Des Moines, Iowa, for appellant.

Robert R. Eidsmoe, Gleysteen, Nelson, Harper, Kunze & Eidsmoe, John W. Gleysteen, Sioux City, Iowa, for appellee.

Before BREITENSTEIN,* Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

This appeal involves a suit for damages for breach of a partnership agreement between two doctors. The plaintiff appeals the decision of the trial court rendering summary judgment against him. He contends (1) that the interpretation of the partnership agreement presented factual questions requiring a full trial, and (2) that the trial court improperly denied him effective discovery and oral argument before rendering summary judgment.

On August 3, 1962, the plaintiff, Havner Parish, entered into a written partnership agreement with the defendant, Dwayne Howard, and a third doctor, Wayland Hicks. The agreement provided in part:

"5. *Duration*: The partnership shall begin on September 1, 1962, and shall continue until terminated as herein provided. It is hoped that this partnership will continue for a term of eleven (11) years from and after September 1, 1962, and it is anticipated that thereafter a new partnership agreement will be entered into between Howard and Parish, following the complete retirement of Hicks. * * * "

In expectation of Hicks' partial retirement, Parish and Howard executed a new partnership agreement on February 4, 1968, which provided in part:

"3. The term of said partnership shall begin with September 1, 1968, and shall continue until September 1, 1969, and from year to year thereafter until terminated as herein provided. * * * * * *

"13. In the event a partner wishes to withdraw from said partnership, he shall cause to be served on the other partner a written notice of said intention. Said notice shall be served 60 days prior to the effective date of such withdrawal. * * *

* * * * * *

"19. This agreement shall terminate upon the occurrence of the following events:

(a) Death of either party.

(b) Termination for any cause.

(c) Bankruptcy of either partner."

On June 30, 1970, in accordance with the procedures stated in paragraph 13 of the 1969 agreement, the defendant notified the plaintiff that he wished to ter-

---

* Senior Circuit Judge, Tenth Judicial Circuit, sitting by special designation.

minate the partnership. The notice did not state a specific reason for the termination. Following termination, the defendant remained on the partnership premises.

The plaintiff concedes that a partner could withdraw without cause under the provisions of paragraph 13 of the 1969 agreement, thus dissolving the partnership. He argues, however, that those provisions required the withdrawing partner to vacate the partnership premises, and that the defendant breached the agreement by not doing so. The plaintiff argues that the vacation requirement is not made plain in the agreement, which is ambiguous because of (1) the inconsistent use of the terms "withdraw" and "terminate," (2) the uncertain language with respect to duration in the 1969 agreement, and (3) the failure of the 1969 agreement to revoke or otherwise expressly treat the 1962 agreement. He states that he would have offered extrinsic evidence to support his interpretation of these "ambiguities," thereby clarifying the intent of the parties. The plaintiff contends that summary judgment was inappropriate because this extrinsic evidence would have raised a factual issue. See, Severson v. Fleck, 251 F.2d 920 (8th Cir. 1958).

In rendering summary judgment, the trial court stated:

"It is clear that the construction of a written contract is a matter for the court. Rice v. Sioux City Memorial Park Cemetery, 245 Iowa 147, 60 N. W.2d 110 (1953), aff'd 348 U.S. 880, 75 S.Ct. 122, 99 L.Ed. 693 (1954). [On rehearing, writ of cert. dismissed. 349 U.S. 70, 75 S.Ct. 614, 99 L.Ed. 897 (1955)] Having examined both the 1962 agreement and the 1969 agreement, the court is of the view that the duration and termination provisions of the 1969 agreement are clear and unambiguous. Parol evidence, therefore, is not admissible for the purpose of contradicting, varying or enlarging its terms. Schnable v. Vaughn, 258 Iowa 839, 140 N.W.2d 168 (1966).

Further, the terms of the two agreements on duration are so inconsistent with each other that they cannot stand together and the 1969 agreement serves to cancel and supersede the 1962 agreement. O'Dell v. O'Dell, 238 Iowa 434, 26 N.W.2d 401, 413 (1947). 17 Am.Jur.2d, Contracts, § 493 (1964).

"There being 'no genuine issue as to any material fact,' defendant is entitled to summary judgment. Rule 56(c), F.R.C.P."

On appeal, we must determine whether there is any genuine issue of material fact and, if not, whether the substantive law was correctly applied. We affirm the decision of the trial court on both of these questions.

Disputes involving the interpretation of unambiguous contracts are appropriate cases for summary judgment. Universal Fiberglass Corp. v. United States, 400 F.2d 926, 928–929 (8th Cir. 1968); Elbow Lake Coop. Grain Co. v. Commodity Credit Corp., 251 F.2d 633 (8th Cir. 1958). We believe that the trial court properly found the duration and termination provisions of the 1969 contract to be clear and unambiguous. The agreement explicitly provides for contingencies involving the withdrawal of a partner. It provides for the settlement and valuation of the partnership's personal property. It restricts the right of withdrawal in the event of a partner's disability. It also requires the withdrawing party to give sixty days' written notice. But there is no suggestion in the agreement that a withdrawing party must vacate the partnership premises in order to properly dissolve the partnership. To find such a requirement would be to modify the contract, and even relevant extrinsic evidence would not be admissible for this purpose. See, Vickery v. Fisher Governor Company, 417 F.2d 466, 469 (9th Cir. 1969) (applying Iowa law); Schnabel v. Vaughn, supra, 140 N.W.2d at 170. Neither the assertions of the plaintiff nor the disagreement concerning the contract's interpretation are sufficient

reasons for finding that the contract is ambiguous and does not adequately set forth, in express terms, the intent of the parties. Elbow Lake Coop. Grain Co. v. Commodity Credit Corp., *supra*, 251 F. 2d at 637; Freeman v. Continental Gin Company, 381 F.2d 459, 465 (5th Cir. 1967).

■ Furthermore, we agree with the trial court, for the reasons it stated, that the duration provisions of the 1969 agreement cancelled and superseded the analogous provisions of the 1962 agreement.

The plaintiff points out that, while Iowa law does not permit extrinsic evidence to be admitted to modify an unambiguous contract, it does allow evidence of the context of the contract to be offered to aid in its interpretation. See, Hamilton v. Wosepka, 154 N.W.2d 164, 169 (Iowa 1967); Rasch v. City of Bloomfield, 153 N.W.2d 718, 723 (Iowa 1967). He states that he should have been granted a full trial or a trial-type hearing to introduce extrinsic evidence demonstrating that the contract is ambiguous.

■ We think that the plaintiff had sufficient opportunity to develop and present to the trial court the nature of the circumstances surrounding the formation of this contract. Summary judgment was not rendered until after the completion date for discovery, approximately six months after the action was commenced. The plaintiff was able to examine the defendant and other witnesses. He, himself, was deposed. He was also permitted to file affidavits and other documentary evidence with the trial court. Yet the plaintiff has pointed to nothing in the circumstances surrounding the negotiation of this contract to support either his view that the contract is ambiguous or his view that the withdrawing party must vacate the partnership premises. The record suggests that neither party had specific evidence to offer concerning the negotiation of this agreement. The plaintiff has indicated that the withdrawal-termination

provisions had been discussed only in a general manner.

In addition, the undisputed facts of the context in which the agreement was executed suggest that the practical meaning of the contract is embodied in its express terms. The defendant, whose wife was part owner of the premises, had practiced in that location for approximately eight years longer than the plaintiff. In addition, under the 1962 contract and initially under the terms of the 1969 contract, the plaintiff was to remain in a subordinate position in the partnership. Under the 1969 agreement, the defendant was to control all decisions of management and policy for the first two years. It seems improbable to us that the parties would have agreed to place the plaintiff in this subordinate position, and at the same time impose upon the defendant, if he chose to withdraw, the cost and inconvenience of leaving a location with which he was so closely connected. For the reasons stated above, we hold that summary judgment was properly entered. See, Vickery v. Fisher Governor Company, *supra*, 417 F.2d at 469–470; Freeman v. Continental Gin Company, *supra*, 381 F.2d at 465; Hamilton v. Wopsepka, *supra*, 154 N.W.2d at 171, 172; Rasch v. City of Bloomfield, *supra*, 153 N.W.2d at 723. *Cf.*, Langer v. Iowa Beef Packers, Inc., 420 F.2d 365, 367–368 (8th Cir. 1970).

■ The plaintiff argues, however, that he was denied effective discovery, even though the court did not enter summary judgment until two days after the discovery completion date. He states that summary judgment should not have been entered until after the defendant had responded to interrogatories filed by the plaintiff. He also states that according to the stipulations of the parties, he was to have had fifteen days following the completion of discovery to analyze the depositions and amend his complaint.

The plaintiff has not pointed to any factual material or legal theory which the trial court was not sufficiently

aware of at the time it rendered summary judgment. He has failed to point out what relevant evidence, beyond that available in the depositions and exhibits, he hoped to obtain from the interrogatories. See, Washington v. Cameron, 133 U.S.App.D.C. 391, 411 F.2d 705, 711 (1969). Thus, the plaintiff has not demonstrated that he was prejudiced by the trial court's ruling. In addition, it appears that the plaintiff was tardy in propounding the interrogatories.

■ Finally, the plaintiff argues that the trial court erred in denying an opportunity for oral argument despite the requests of both parties to the lawsuit. See, Fed.R.Civ.P. 78; N.D.Ia.R. 19.[1] See generally, Steckler, Motions Prior to Trial, 29 F.R.D. 299, 300–310. Ordinarily, it is appropriate to grant oral argument before rendering summary judgment. However, in this relatively uncomplicated case, where the affidavits, depositions and other documentary material clearly reveal that the only issue is a question of law, and where the briefs sufficiently set out the legal arguments, we do not think it was error for the trial court to deny oral argument. Furthermore, neither party complied with the local requirement that cause be shown for such argument. See, Sarelas v. Porikos, 320 F.2d 827 (7th Cir. 1963), cert. denied, 375 U.S. 985, 84 S.Ct. 519, 11 L.Ed.2d 473 (1964); Butterman v. Walston & Co., 50 F.R.D. 189 (E.D.Wis. 1970). Cf., Rose Barge Line v. Hicks, 421 F.2d 163 (8th Cir. 1970).

■ The cases relied on by the plaintiff are distinguishable. Nothing in Bagby v. United States, 199 F.2d 233 (8th Cir. 1952), implies that oral argument is necessary on all motions for summary judgment if not waived. This case also differs from Enochs v. Sisson, 301 F.2d 125 (5th Cir. 1962) (per curiam); and Bowdidge v. Lehman, 252 F.2d 366 (6th Cir. 1958) (per curiam), which are also relied on by the plaintiff. The opinions in those cases are brief, but it appears that the appellants did not have sufficient opportunity to present their opposition to the motions for summary judgment. The plaintiff relies principally on Dredge Corporation v. Penny, 338 F.2d 456 (9th Cir. 1964), for his contention that a hearing is mandatory on all motions for summary judgment if not waived. There is language in that opinion to support his position[2] but we are not inclined to apply it to invalidate Local Rule 19 generally or as applied to this case. We repeat that the rule should be sparingly applied, but this case was appropriate for its application.

We note that in *Dredge,* the trial court had not examined all of the documentary evidence before granting the motion for summary judgment. Here, the trial court did examine all the evidence before granting the motion.

The plaintiff has been given ample opportunity through pleadings, affidavits, depositions, exhibits and briefs to demonstrate that there is a factual issue in this case. He has failed to produce any evidence beyond his own allegations to support his view of the partnership agreement.

Affirmed.

---

1. Local Rule 19 of the United States District Court for the Northern District of Iowa provides as follows:
   "Motions shall be submitted and determined upon the motion papers hereinafter provided. Oral argument of motions may be had *on the written request and showing of cause* by any party or upon Order of Court. The request for oral argument may be made in the Motion or written memorandum of either party. Such request shall be separately stated at the conclusion of the Motion of Memorandum." (Emphasis added.)

2. The Court in Dredge Corporation v. Penny, 338 F.2d 456, 462 (9th Cir. 1964), stated:
   " * * * [A] district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied. * * * "