Norma BENSON, Appellant,

v.

F. David MATTHEWS, Secretary of Health, Education and Welfare, Appellee.

No. 76–1880.

United States Court of Appeals, Eighth Circuit.

Submitted April 26, 1977.

Decided May 4, 1977.

42 U.S.C. § 423.[1] The appellant's application was denied on May 4, 1973, and on July 17, 1973, the denial was upheld on reconsideration. A hearing was held before an administrative law judge on December 6, 1973, at which claimant appeared without counsel. The administrative law judge decided that appellant was not entitled to establishment of a period of disability or to an award of disability insurance benefits under the Social Security Act. The Appeals Council, after obtaining current medical information, held, on July 10, 1975, that the evidence did not support a finding of a disabling impairment which continued for a twelve-month period. The decision thereby became the final decision of the Secretary, and claimant filed the instant action pursuant to 42 U.S.C. § 405(g). The Secretary moved for summary judgment on July 6, 1976, which was granted on July 28, 1976, without a hearing. The appellant filed a motion to vacate the judgment pursuant to Fed.R.Civ.P. 60(b) on August 2, 1976, and filed a cross-motion for summary judgment and a supporting memorandum. The motion to vacate was denied on August 13, 1976, and this appeal followed.

Claimant argues on appeal that: (1) the district court abused its discretion in denying her motion to vacate the summary judgment; and (2) the district court erred in finding that the Secretary's decision was supported by substantial evidence. We affirm the decision of the district court.

Claimant's alleged disability stems from an automobile accident in 1968 in which she suffered dislocation of her right ankle and fractures of bones in her left ankle. In January, 1973, she underwent surgery to fuse the right ankle. She gave August 10, 1971, the date she was dismissed from her

Thomas J. Agnew, Duluth, Minn., on brief, for appellant.

Robert G. Renner, U. S. Atty., and Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., on brief, for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Norma Benson appeals from the denial of her application for Social Security Disability Insurance Benefits payable pursuant to

---

1. "Disability" for purposes of the Social Security Act is defined in 42 U.S.C. § 423(d)(1)(A) as follows:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Section 423(d)(2) provides in relevant part: For purposes of paragraph (1)(A)—

(a) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives .. . . .

last job, as the onset of her disability. Although no new physical illness or impairment occurred on that date, claimant based her disability on constant pain which prevented her from sleeping and concentrating on her work. Both the administrative law judge and the Appeals Council considered whether or not a period of disability could be established for a twelve-month period following the August, 1971, dismissal or the January, 1973, surgery.

Claimant's personal physician, Dr. Kelley, stated that the fractures suffered in 1968 were healed by September, 1969, and that claimant was able to bear her full weight on that date. He initially estimated a disability period of six to nine months following the 1973 surgery. In statements made after the initial denial of claimant's application, he revised his disability estimate to twelve months following the 1973 surgery. Dr. Reese, a general physician on the Social Security medical consultant staff, was of the opinion that the claimant could do light work, with weight bearing limited to three hours a day, by September, 1969. He also stated that claimant would recover from her surgery of January, 1973, within twelve months and found no basis for Dr. Kelley's revised opinion as to the length of disability. He stated claimant could do her bookkeeping job as of the date of his report, June 19, 1973.[2] The administrative law judge also considered the findings of a psychologist and psychiatrist, who reported no psychological or psychiatric dysfunction.

Records of the Mayo Clinic indicate "good healing" from the surgery by April, 1973 and that claimant started weight bearing by July, 1973. Dr. F. W. Budd, an orthopaedic surgeon, reported on November 27, 1974, that claimant had a healed fusion of the right ankle, residuals of the fracture in the left foot and minimal arthritic changes in the left foot. He felt claimant had severe restrictions regarding function of the lower extremities. He also stated that the x-ray findings and physical findings corroborated her subjective complaints of pain. A letter from the Mayo Clinic, dated October 3, 1974, indicates that the claimant returned there on September 4, 1974, complaining of pain in the left ankle, which it was felt might be due to arthritis and possibly tendon complications.

Dr. Brav, an orthopaedic surgeon who did not examine the claimant, summarized the medical record for the Appeals Council and concluded that the appellant recovered from the injuries suffered in 1968 by March 1, 1969, at which time she could have performed sedentary work which did not require lifting over twenty pounds or extended weight bearing without periods of rest. He was of the opinion that she could stand for one-half hour, walk for a distance of one-half mile, and work in a seated position over a six-to-eight-hour work day. While she again suffered a total impairment in January, 1973, he was of the opinion that she had recovered from the surgery by July 1, 1973 and could perform the same limited work activity described above. He did not find any evidence in the medical record to support Dr. Kelley's revised opinion of a twelve-month period of disability following the January, 1973 surgery.

Claimant was born on January 5, 1926, and has a high school education. Her recent work experience has primarily been bookkeeping, clerical work, and some office management. She has not worked since August of 1971, but does her own housework.

■ Fed.R.Civ.P. 56(c) does not mandate a hearing, and one was not required here in the absence of a request. *Ailshire v. Darnell*, 508 F.2d 526, 528 n.5 (8th Cir. 1974); *see Parish v. Howard*, 459 F.2d 616, 620 (8th Cir. 1972); *Bagby v. United States*, 199 F.2d 233, 236 (8th Cir. 1952). The Appellant had twenty-two days to file her memorandum in opposition to the Secretary's motion for summary judgment and her cross motion, but does not give a reason for the delay. She received a decision on the merits, and does not indicate that she would have raised a new issue of material fact. Under these circumstances, the trial

---

2. It is not clear from the record whether Dr. Reese examined the claimant.

court did not abuse its discretion by denying the motion to vacate and reconsider. *Cline v. Hoogland,* 518 F.2d 776, 778 (8th Cir. 1975).

After a careful review of the record as a whole, we conclude that the claimant did not carry her burden of showing that she was unable to engage in any substantial gainful activity for a period of twelve continuous months. It is well established that pain can cause disability within the meaning of the Social Security Act. *Murphy v. Gardner,* 379 F.2d 1, 7 n.8 (8th Cir. 1967); *Easttam v. Secretary of Health, Ed. and Welfare,* 364 F.2d 509, 513 (8th Cir. 1966); *Lewis v. Flemming,* 176 F.Supp. 872, 876 (E.D.Ark.1959); *see Yawitz v. Weinberger,* 498 F.2d 956 (8th Cir. 1974). Although some medical evidence supports claimant's complaints of pain, she has not carried her burden of showing that pain renders her incapable of performing the light, sedentary work she has performed in the past. *Timmerman v. Weinberger,* 510 F.2d 439, 443 n.2 (8th Cir. 1975).

Finding that the Secretary's decision was supported by substantial evidence, we affirm the judgment below.