**Lawrence E. STEFFEN, Plaintiff,**

v.

**Patricia HARRIS, Secretary of Health, Education and Welfare of the United States of America, Defendant.**

**No. C 79–1015.**

United States District Court, N. D. Iowa, E. D.

Jan. 10, 1980.

Jerald L. Martin, Waterloo, Iowa, for plaintiff.

Judith A. Whetstine, Asst. U.S. Atty., Cedar Rapids, Iowa, for defendant.

McMANUS, Chief Judge.

This matter is before the court on cross-motions for summary judgment filed by plaintiff on October 1, 1979 [1] and by defendant on October 29, 1979. Defendant's motion granted.

This proceeding comes under Title II of the Social Security Act, as amended, 42 U.S.C.A. § 401 *et seq.* Plaintiff appeals from the decision of the Secretary of Health, Education and Welfare (Secretary) denying him disability benefits from the Social Security Administration (SSA). Section 405(g) provides for judicial review of a "final decision" of the Secretary.

Plaintiff applied for disability insurance benefits on January 24, 1975. The disability claim was allowed and benefits were awarded based on a period of disability beginning February 4, 1974. On December 6, 1977 the SSA notified plaintiff that by November, 1977 he had improved enough to engage in substantial gainful employment. Accordingly, the last disability check to which he was entitled was sent to him in January, 1978. Plaintiff filed a Request for Reconsideration on December 27, 1978 which was denied. He then filed a Request for Hearing on August 7, 1978 which was held November 14, 1978. The Administrative Law Judge (ALJ) rendered a decision terminating plaintiff's disability benefits on December 22, 1979. The Appeals Council of the SSA affirmed the hearing decision on March 28, 1979. Thus, the decision of the ALJ stands as the final decision of the Secretary. Plaintiff filed a timely complaint seeking judgment against defendant for disability benefits or a remand of the case to the SSA for the taking of additional testimony of his doctors.

Plaintiff is 47 years old and has a ninth grade education. He was employed by the A. Y. McDonald Co. in Dubuque, Iowa, as a lathe machine operator for approximately

---

1. Alternatively plaintiff prays that the court remand the decision of the Secretary of Health, Education and Welfare for further proceedings and for the taking of additional medical evidence from Doctors Pearson, Pritchard and Nauss, as well as clarification of their opinions regarding plaintiff's disability.

26 years prior to his injury. On or about January 3, 1974 Mr. Steffen damaged a disc in his back while working. A lumbar disc operation was performed in February, 1974,[2] which temporarily relieved his back pain. Lower back and left hip pain returned and a lumbar fusion operation was performed in October, 1974.

Plaintiff continued to experience severe pain in his lower back and left hip area. He was admitted to the Mayo Clinic on January 8, 1976 and stayed there through late March, 1976. The records of that visit show that plaintiff complained of a constant backache.[3] He was placed in a body cast on January 26, 1976 for a six week trial period of immobilization. On March 22, 1976, a third operation, a spine fusion, was performed. Plaintiff continued to report to his doctors that he experienced pain when he stood or walked for extended periods of time. Notes from the Mayo Clinic show that in the spring of 1976 he was advised to continue being completely inactive and to consider himself completely disabled. Plaintiff was again examined at Mayo Clinic on November 29, 1977 and he reported there was minimal pain with inactivity, but he reported pain on the left when attempting any physical work. (Tr. 221).

Subsequent to defendant's answer to the complaint, plaintiff moved for summary judgment alleging the ALJ and the Secretary did not have sufficient facts to render a decision and the decision to terminate his disability benefits was not supported by substantial evidence from the record as a whole. In opposition, defendant also moved for summary judgment, concluding that the Secretary's decision was rendered after full administrative consideration and was based on substantial evidence.

In *Wroblewski v. Califano*, 609 F.2d 908 at 912 (8th Cir. 1979), it was noted that,

For the reviewing court, substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Pe-*

*rales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Stephens v. Secretary of HEW*, 603 F.2d 36 at 41 (8th Cir., July 16, 1979). *See also Celebreeze v. Bolas*, 316 F.2d 498, 501 (8th Cir. 1963).

■ The court is of the opinion that the Secretary's decision is based upon substantial evidence. The claimant has the burden to show an inability to perform his past occupation due to the medically determinable ailment. Plaintiff has made such a showing. Thus, the burden shifts to the Secretary to show that the claimant can perform some other type of substantial, gainful employment. *Lewis v. Califano*, 574 F.2d 452, 455 (8th Cir. 1978). The ALJ considered the medical reports of plaintiff's doctor, the doctors at the Mayo Clinic and a doctor from the Industrial Injury Clinic (Tr. 15–17). One of the exhibits considered by the ALJ is a letter of March 10, 1977 from F. J. Pritchard, M. D. It stated that he treated plaintiff at the Mayo Clinic and recommended him for an inspector's job at his former place of employment (Tr. 213).

In addition to the testimony of plaintiff and his wife, the ALJ also considered the testimony of a vocational expert. In response to a hypothetical question establishing plaintiff's age, education, work experience and health, including his testimony that he suffers intractable pain of such intensity as to preclude concentration, the expert opined that plaintiff could not perform any job. The expert was asked to consider a hypothetical establishing plaintiff's age, education, work experience and health where he experiences low back pain which is relieved somewhat by medication, can sit for one hour and then must move about, can walk for one half hour, can be up and around for eight hours by shifting positions between sitting and standing, must rest on his back for brief periods, can visit friends and relatives, read, has good use of his arms and hands, can frequently lift up to ten pounds, and occasionally up to 30 pounds. Based on those assumptions the expert said plaintiff could not return to his

---

**2.** Plaintiff has not worked since early February, 1974.

**3.** The medical description of plaintiff's condition at the time he visited the Mayo Clinic can be found in the Transcript, pp. 205–06.

former job of machine operator but concluded that he could engage in sedentary jobs which allow position flexibility and have ten minute breaks in the morning and afternoon, such as auto parts assembler or service station manager (Tr. 17). He further testified that those types of jobs exist in significant numbers in the Dubuque area. Such expert testimony has been accepted by the courts and has been considered reliable evidence on the question of employability. *Gold v. Weinberger*, 473 F.2d 1376 (5th Cir. 1973); *Kyle v. Cohen*, 449 F.2d 489 (4th Cir. 1971).

The medical testimony indicates that plaintiff has some permanent partial impairment, (Tr. 213) and is in some pain (Tr. 215). However, the question of how much pain is disabling is for the ALJ, who has the task of resolving conflicts in the evidence. *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971). The burden of proving that his disability continues is on plaintiff. *Alvarado v. Weinberger*, 511 F.2d 1046 (1st Cir. 1975). Plaintiff alleges that his disability did not cease because he still has a back condition and resulting pain.

Indeed, relatively constant, severe pain may amount to a disability. *Baerga v. Richardson*, 500 F.2d 309 (3rd Cir. 1974). Subjective evidence of pain must be considered by the ALJ in evaluating plaintiff's inability to engage in substantial gainful activity. *Wells v. Cohen*, 296 F.Supp. 276 (W.D.Va.1969). However, plaintiff has the burden of proving his pain is disabling and subjective symptoms of pain must be evaluated with due consideration for credibility, motivation, and medical evidence of impairment. *Benson v. Mathews*, 554 F.2d 860 (8th Cir. 1977), *Halsey, supra*.

The court is satisfied that the Secretary's decision is based upon the entire record, including the subjective testimony regarding plaintiff's pain. Although significant evidence lies with plaintiff, the decision is supported by substantial evidence. It is not for this court to enter into a *de novo* review. *Halsey, supra*.

The court also notes that plaintiff was represented by counsel at the November 14, 1978 hearing. He was free to sub-poena his doctors for their testimony regarding the extent of his inability to engage in any gainful employment. For reasons unknown to the court he chose not to have his doctors testify. In his alternative motion to remand to take additional testimony of his doctors, plaintiff fails to point out why such additional testimony is necessary, considering the amount of medical evidence already in the record. Therefore, plaintiff has not shown "good cause" for the remand. 42 U.S.C.A. § 405(g).

The record contains substantial evidence for the Secretary to properly conclude that, within the requirements of the Act, plaintiff has not sustained his burden of proving that he is unable to engage in substantial gainful activity after November, 1977 nor his entitlement to disability insurance benefits after January, 1978.

It is therefore

ORDERED

Plaintiff's motion denied; defendant's motion granted.