Allen R. COLLINS, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. 81–3229–CV–S–4.

United States District Court,
W. D. Missouri, S. D.

Aug. 2, 1982.

Michael Baker, Springfield, Mo., for plaintiff.

Bruce R. Granger, Acting Deputy Regional Atty., for Dept. of Health and Human Services and Robert G. Ulrich, U. S. Atty., Kansas City, Mo., for defendant.

## ORDER

RUSSELL G. CLARK, Chief Judge.

Plaintiff commenced this action under the provisions of 42 U.S.C. § 405(g) seeking review of defendant's denial of social security insurance benefits and supplemental security income under the Social Security Act. The action now is pending before this Court on cross motions for summary judgment. For the following reasons the ALJ's decision will be vacated and the cause will be remanded.

■ The form and scope of judicial review of the defendant's decision is statutorily defined and limited. Under 42 U.S.C. § 405(g), the Secretary's decision is conclusive if supported by substantial evidence. *Alexander v. Weinberger*, 536 F.2d 779, 784 (8th Cir. 1976); *Yawitz v. Weinberger*, 498 F.2d 956, 957 (8th Cir. 1974). Substantial evidence is defined to be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Russell v. Secretary of HEW*, 540 F.2d 353, 356 (8th Cir. 1976).

■ The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). In order to meet this burden, the claimant must show (1) a medically determinable physical or mental impairment that will last for at least twelve months, and (2) that this inability results from his impairment. *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). Once a claimant demonstrates that his impairment is so severe as to preclude him from engaging in his former occupation, however, the burden shifts to the Secretary to prove some alternative

form of substantial gainful employment that the claimant could perform. *Johnson v. Califano*, 572 F.2d 186, 187 (8th Cir. 1978).

■ There are two methods by which the Secretary can meet his burden of proving that the claimant can perform substantial gainful employment. The time honored method, of course, is the hearing examiner's production of a vocational expert who expresses an opinion on whether the claimant can perform alternative employment which is available in the national economy. *Garrett v. Richardson*, 471 F.2d 598, 603–604 (8th Cir. 1972) ("[T]he burden of producing [a vocational expert] must rest with the hearing examiner and in the absence of substantial evidence from other sources bearing directly on the issues of 'substantial gainful activity,' the testimony of a vocational counselor is essential for the affirmance of an [ALJ's] findings.") In the instant case, the Secretary chose not to produce a vocational expert (Tr. 10, 13–16).

■ The Eighth Circuit Court of Appeals, nevertheless, has recently approved another method by which the Secretary can meet his burden of proving that the claimant can perform alternative employment. In *McCoy v. Schweiker*, 683 F.2d 1138 (8th Cir. 1982) (hereinafter "*McCoy*"), the Court, en banc, approved the Secretary's use of Appendices 1 and 2 to Subpart P, Medical—Vocational Guidelines, 20 C.F.R. §§ 404.1501 et seq. (1981) ("Grids") in a limited number of cases. Should the claimant's particular characteristics of residual functional capacity ("RFC"), age, education and work experience, as developed by the record, match the characteristics set forth in the Grid, the Secretary may apply the Grid which directs a finding of disabled or not disabled without the use of a vocational expert. In its opinion, however, the Court was careful to point out that the Grids are not a panacea. *McCoy*, p. 1149 ("A large measure of individualized adjudication remains a necessary condition precedent to the 'grids' application, and our case law remains fully vital in those many cases where, for one reason or another, the 'grid' does not apply."). The Secretary may use the Grid, rather than a vocational expert, only if: (1) the claimant is given pre-hearing notice of the "application and contents of the Guidelines . . ." *McCoy*, p. 1147, (2) the claimant's impairment is exertional rather than non-exertional, *McCoy*, p. 1148, and (3) the claimant's particular combination of RFC, age, education and work experience as developed by the record coincide exactly with the criteria set forth in the Grid, *McCoy*, p. 1146 ("If a claimant's relevant characteristics differ in any material respect from those of the grid, the Guidelines cannot be applied, and all the pre-existing requirements of case law, including the customary insistence on the use of vocational experts, retain their full vigor"). The court further explained that a claimant must have a RFC to perform a full and wide range of work on a sustained basis in any given Grid category of exertional capacity, and the findings on the age, education and work experience criteria are not to be mechanical, but rather "the inquiry will be more or less involved depending on the unique facts of each individual case." *McCoy*, pp. 1147–1148. Turning to the case at bar, the Secretary's decision must be vacated because (1) under the Secretary's own rules, the Grid is inapplicable and (2) the ALJ's findings concerning the plaintiff's RFC and that the plaintiff's complaints of pain were incredible are not supported by substantial evidence based on the record as a whole.

Under the Secretary's own rules, the Grid should not have been applied in this case. In his decision, the Administrative Law Judge ("ALJ") found that the record established that claimant "has a status post-operative total right hip replacement arthroplasty, a status post fracture of the pelvis. . . ." (Tr. 15). In effect, plaintiff's right hip joint was replaced with a plastic substitute. The ALJ also found that the "claimant is unable to perform his past work. . . ." (Tr. 15). At this point, the burden shifted. *McCoy*, p. 1147. Based on a RFC report submitted by Evelyn Griffin, M.D., finding plaintiff capable of perform-

ing certain tasks, the ALJ also found plaintiff able to perform sedentary work (Tr. 15, 112). Applying this RFC along with plaintiff's age, education and experience, the ALJ determined that Rule 201.24 of the Sedentary Grid directed that claimant be found "not disabled."

Unfortunately, the footnote to Rule 201.-24 expressly provides that the Grid should not be applied in this case. That footnote refers the reader to Rule 201.00(h) which states:

> However, a finding of disabled is not precluded for those individuals under age 45 who do not meet all the criteria of the specific rule and who do not have the ability to perform a full range of sedentary work. The following examples are illustrative: Example 1: An individual under age 45 with a high school education can no longer do past work and is restricted to unskilled sedentary jobs because of a severe medically determinable cardiovascular impairment (which does not meet or equal the listings in Appendix 1). A permanent injury of the right hand limits the individual to sedentary jobs which do not require bilateral manual dexterity. None of the rules in Appendix 2 are applicable to this particular set of facts, because this individual cannot perform the full range of work defined as sedentary. Since the inability to perform jobs requiring bilateral manual dexterity significantly compromises the only range of work for which the individual is otherwise qualified (i.e., sedentary), a finding of disabled would be appropriate.

The above example is truly illustrative of the plaintiff's case. Based on the record, the ALJ found that the claimant had recently undergone a total right hip replacement. However, the ALJ and Dr. Griffin, who submitted plaintiff's RFC report, overlooked evidence that plaintiff has limited use of his right hand. Plaintiff testified that he injured his hand when he was a painter, and due to lack of proper medical attention, the right middle finger became infected and gangrenous (Tr. 45–46). Plaintiff stated that hoses were medi-

cally inserted between his hand and fingers to drain the infection (Tr. 45–46). Plaintiff claims to have no use of his right middle finger (Tr. 38–39, 46). Plaintiff also testified that at a prior job he could not perform certain work because his right hand lacked the dexterity to manipulate small screws (Tr. 37–38). In his decision, the ALJ did not consider or mention this evidence. Furthermore, Dr. Griffin found that there was no restriction on plaintiff's use of his right hand when, in fact, the only evidence in the record was that the hand was restricted (Tr. 112). Since the injury to plaintiff's right hand precludes him from performing a full range of sedentary work, "[n]one of the rules in Appendix 2 are applicable to this particular set of facts. . . ." Rule 201.00(h).

Finally, the ALJ also stated that plaintiff's "allegations of constant pain and severe restrictions are not credible." (Tr. 15). The existence of severe pain, by itself, may be so prolonged and intractable as to constitute a "disability" within the meaning of the Social Security Act. *Benson v. Matthews*, 554 F.2d 860, 863 (8th Cir. 1977). Although subjective claims of disabling pain present issues of credibility for the finder of fact, those determinations cannot be arbitrary or contrary to substantial evidence in the record. "While credibility determinations are for the Secretary, there should be found in the record some basis for disbelieving such critical testimony." *Lund v. Weinberger*, 520 F.2d 782, 785–786 (8th Cir. 1975). The ALJ did not state in his decision why he found plaintiff's complaints incredible, and a review of the record is not illuminating. Consequently, the ALJ was not free to disregard plaintiff's testimony without stating his reasons.

The ALJ's decision must be vacated and the cause remanded. In summary, the ALJ should reassess plaintiff's RFC in light of the impairment to his right hand. Since the Grid cannot be applied pursuant to Rule 201.00(h), the ALJ should then produce a vocational expert. Finally, the ALJ should also state his reasons should he find plaintiff's claim of pain incredible.

Accordingly, it is hereby

ORDERED that the Secretary's decision is vacated and the case is remanded for further proceedings consistent with this opinion.